*474 OPINION OF THE COURT
Jerome C. Gorski, J.
This matter comes before this court by way of defendant’s motion for a protective order dealing with plaintiffs notice to produce dated March 21, 1991. Plaintiffs cross-move to compel disclosure of the requested documents.
The court rendered its decision from the bench at Special Term on May 31, 1991 with regard to all other issues, leaving only two items in dispute. This memorandum decision will address those two items, to wit: (1) the plaintiffs’ request for statements, investigation records and reports and documents in defendant’s possession regarding the within incident and (2) all records and reports of criminal activities on the premises of Childrens Hospital of Buffalo from 1985 to the date of this incident.
With respect to the request for various documents relating to defendant’s investigation regarding the within accident, the defendant relies on Public Health Law §§ 2805-j, 2805-Z and 2805-m and Education Law § 6527 for the proposition that these documents and records are confidential and thus shielded from disclosure.
Public Health Law § 2805-m (1) states that information required to be collected and maintained pursuant to Public Health Law §§ 2805-j, 2805-k and 2805-Z, of this article and any incident reporting requirements imposed upon diagnostic and treatment centers pursuant to this chapter, 7shall he kept confidential and shall not be released except to the department” (emphasis added).
Public Health Law § 2805-j requires hospitals to initiate and maintain a medical malpractice prevention program that shall establish, (a) a "quality assurance committee” to review the "services rendered in the hospital”, and to "prevent medical * * * malpractice” (§ 2805-j [1] [a]), (b) a staff privileges sanction procedure to review "staff competence”, (c) periodic review of specific instances related to credentials and competency of delivered health care services, (d) a patient grievance procedure, (e) maintenance and collection practices for negative health care outcome, (f) procedure and maintenance of records relating to (a) and (e) above, and (g) and (h) continuing education programs relating to safety and injury protection, as well as areas of specialization.
Public Health Law § 2805-Z requires incident reporting and *475 maintenance of reports for incidents as specified in subdivision (2) which reads:
"(a) patients’ deaths or impairments of bodily functions in circumstances other than those related to the natural course of illness, disease or proper treatment in accordance with generally accepted medical standards;
"(b) fires in the hospital which disrupt the provision of patient care services * * *
"(c) equipment malfunction * * *
"(d) poisoning * * *
"(e) strikes * * *
"(f) disasters or other emergency situations external to the hospital environment which affect hospital operations; and
"(g) termination of any services vital to the continued safe operation of the hospital or to the health and safety of its patients and personnel, including * * * telephone, electric, gas”, etc.
Education Law § 6527 which relates to special provisions in reporting incidents occurring at a not-for-profit medical or dental facility provides that "[n]either the proceedings nor the records relating to performance of a medical * * * review function * * * described herein * * * shall be subject to disclosure under article thirty-one of the civil practice law and rules except as hereinafter provided or as provided by any other provision of law” (§ 6527 [3]).
In the case at bar, it is alleged that a physically handicapped, brain-damaged impaired youngster was sexually molested and abused while an inpatient at the Childrens Hospital of Buffalo. The defendant hospital made a complete investigation of this incident. The question before this court is whether the records compiled pursuant to an incident such as described above are privileged communications under the above-described statutes not subject to discovery by a party to a lawsuit.
It is clear that this is not a medical malpractice action and that the review of medical, diagnostic or treatment services is not in dispute, nor is the issue of whether essential utility services were interrupted. The request for documents herein has no relation to the quality of medical care rendered or the prevention of medical malpractice.
Both the CPLR and the case law in the State of New York encourage and provide for liberal disclosure. To be success *476 fully resisted, the requested disclosure needs explicit protection either as authorized in the CPLR or elsewhere in the statutes of the State of New York. This court knows of no previous cases which purport to define or analyze these specific sections of law.
The defendant argues that Public Health Law § 2805-Z (2) when read in conjunction with section 2805-m is that explicit protection from disclosure. Public Health Law § 2805-Z (2) (a) requires incident reporting of "patients’ deaths or impairments of bodily functions in circumstances other than those related to the natural course of illness, disease or proper treatment in accordance with generally accepted medical standards” (emphasis added). Public Health Law § 2805-m makes all reportable incidents confidential except to the internal department which receives the incident reports.
Public Health Law § 2805-Z’s incident reporting requirement, as restated within, is so broad that it encompasses virtually every instance over which a lawsuit could be based. Unless the patient’s course of treatment and hospital stay is routine, and recovery and/or treatment proceed along the generally accepted guidelines without complication, an incident report is required. Public Health Law § 2805-m then protects those reports from disclosure.
In the case at bar, the alleged sexual assault at Childrens Hospital of Buffalo could only be categorized as a circumstance other than that related to "the natural course of illness, disease or proper treatment in accordance with generally accepted medical standards”.
While the language of that statute is written in the broadest of terms with regard to reporting requirements and the protection of those reports from disclosure in civil cases, the legislative history reflects more modest goals. The within statutes were promulgated to reduce escalating costs associated with medical malpractice claims, and to promote hospitals and care givers to reduce the incidence of malpractice through greater scrutiny of physicians’ actions and hospital procedures, and the establishment of medical malpractice prevention programs. These statutes, however, seem to insure that hospitals and the physicians acting within them are free to practice without any public scrutiny, as every incident imaginable, other than a fully uneventful recovery from a routine illness, disease or course of treatment will be hidden and protected from not only public view, but also from view of the patient who is the subject of the report.
*477 In the instant case, the alleged incident of sexual assault has nothing to do with plaintiffs medical care or treatment, nor even the course of her illness for which she was being treated. The within incident deals with the defendant’s alleged breach in security on the day of the incident. However, because of the broadness of Public Health Law §§ 2805-l and 2805-m, and the court being constrained by the explicit terms of that statute, the court must grant defendant’s protective order and deny plaintiffs motion to compel production of the incident report with regard to the subject incident.
At paragraph No. 10 of the plaintiffs request to produce documents is requested that, "All records and reports of criminal activity on the premises of Childrens Hospital from 1985 up to and including June of 1990” be produced. This request is overbroad. This court will, however, order the disclosure of any records which Childrens Hospital of Buffalo possesses with regard to criminal activity relating to breaches of security on the premises of Childrens Hospital, which have led to criminal charges being preferred against the perpetrators from January 1, 1985, until the time of the incident, June 15, 1990. If there should be any documents which the defendant Childrens Hospital of Buffalo feels should be presented for in camera review prior to disclosure to the plaintiff, the court will entertain any such request.