KELLY J. SMITH, as Administratrix of the Estate of FLOYD B. HILL, Deceased, and as Parent and Guardian of PHELAN T. HILL et al., Infants, Respondent, v STATE OF NEW YORK, Appellant.

Third Department, July 9, 1992

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Siobhan Shanks* and *Peter H. Schiff* of counsel), for appellant.

*Friedlander, Friedlander, Reizes, Joch & Littman, P. C. (Judy F. Marotti* and *William S. Friedlander* of counsel), for respondent.

### OPINION OF THE COURT

HARVEY, J.

On October 16, 1987, plaintiff's decedent, while a patient at Binghamton Psychiatric Center (hereinafter the Center) in Broome County, fell from a fourth floor laundry room window. Decedent died four days later. Claimant thereafter brought suit alleging, among other things, that defendant was negligent in securing the building and supervising decedent. Following joinder of issue, the parties exchanged discovery demands and replies which included claimant's demand pursuant to CPLR 3120 for production and inspection of certain documents. To such demand, the State agreed to "permit inspection of those documents which exist and which are not confidential or otherwise protected". Claimant subsequently moved to compel inspection of certain documents. The State opposed this motion, claiming that the documents were exempt from discovery *(see,* Education Law § 6527 [3]).

By stipulation, the State agreed to permit inspection of all requested documents with the exception of those documents requested in paragraphs 8, 11, 12, 13, 20 and 21 of claimant's demand. Generally, these demands requested any and all incident, accident or investigation reports concerning dece-

dent's death compiled by the Center and various other State entities. The Court of Claims granted claimant's motion as it pertained to paragraphs 11, 20 and 21, denied the motion as to the documents requested in paragraph 8 and conditionally granted the motion as to those documents requested in paragraphs 12 and 13.[1] This appeal by the State followed.

█ In our view, the Court of Claims erred by failing to hold that the five discovery demands at issue on this appeal were exempt from discovery pursuant to Education Law § 6527 (3). This statute provides, in relevant part, that: "Neither the proceedings nor the records relating to performance of a medical or a quality assurance review function or participation in a medical and dental malpractice prevention program nor any report required by the department of health pursuant to section twenty-eight hundred five-*l* of the public health law described herein, *including the investigation of an incident reported pursuant to section 29.29 of the mental hygiene law,* shall be subject to disclosure under article thirty-one of the civil practice law and rules except as hereinafter provided or as provided by any other provision of law (Education Law § 6527 [3] [emphasis supplied]). As a clear reading of the statute indicates, documents and proceedings relating to incidents reported under Mental Hygiene Law § 29.29 are protected from disclosure. This statute provides, in part, that "[i]ncident reports shall * * * mean reports of accidents and injuries affecting patient health and welfare at such departmental facilities [of the offices of mental health and mental retardation and developmental disabilities]" (Mental Hygiene Law § 29.29). There can be little dispute that the documents requested in claimant's demands call for the production of reports prepared pursuant to this statute. Mental Hygiene Law § 29.29 requires that an incident report be made and forwarded for appropriate review on the occasion of suicides, attempted suicides and patient injuries. Therefore, the Center was required to have someone investigate and report the incident, as was done here *(see,* Mental Hygiene Law § 29.29

---

1. Plaintiff's demand No. 11 specifically requests any incident and accident reports concerning the subject accident compiled by or for the Center. Demand Nos. 12 and 13 make the same request except they are for incident and accident reports compiled by or for the State Office of Mental Health and the State Commission on Quality of Care of the Mentally Disabled, respectively. Demand No. 20 requests any and all investigation reports in this matter prepared by or for the Center, while demand No. 21 requests any and all investigation reports prepared by or for the State Office of Mental Health.

[1], [4], [5]). While basically acknowledging this fact, the Court of Claims nevertheless went on to state that the privilege contained in Education Law § 6527 (3) does not apply to incident reports unless there is an additional showing that the report was prepared solely by or for the Office of Mental Health or the State Commission on Quality Care for the Mentally Disabled in connection with an ongoing review.

Our review of Education Law § 6527 (3), however, reveals no such two-part requirement. Instead, the statute addresses three separate situations: (1) proceedings and records relating to quality assurance review functions, (2) documents and proceedings relating to participation in a medical or dental malpractice prevention program, or (3) documents generated in connection with, *inter alia,* an investigation of an incident required to be reported pursuant to Mental Hygiene Law § 29.29 such as in the instant case (Education Law § 6527 [3]; *see,* McKinney's Cons Laws of NY, Book 1, Statutes § 235, at 401 ["Use of the conjunction 'or' in a statute usually indicates that the language is to be construed in an alternative sense"]). We can find no support in the statute for the Court of Claims' finding that the situation presented in the third scenario described above requires an additional showing that the target document relate to some other form of review before the privilege applies.[2]

In construing a statute, effect should be given to all the language used by the Legislature *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 98). For this reason we must also express our disagreement with the Court of Claims' statement in its decision that Education Law § 6527 (3) should only apply to malpractice review documents. To so limit the statute would require ignoring the express wording of the statute as amended in 1986 *(see,* L 1986, ch 427). Such amendment was "to provide that records and proceedings relating to an internal * * * quality assurance review or an incident investigation in a psychiatric hospital shall not be subject to disclosure" in order to maintain the frankness and objectivity of the review process (Mem of State Off of Mental Health, 1986 NY Legis Ann, at 204).

---

2. We note in passing that there is some question from this record whether the Court of Claims was correct in stating that there was no evidence that the reports targeted by this proceeding were not also prepared as part of a quality assurance review. Sworn affidavits in the record indicate otherwise, but we find it unnecessary to address any factual errors made by the Court of Claims because our conclusion that the court erred in its legal interpretation of the statute disposes of the matter.

■ Finally, we disagree with the Court of Claims' finding that Mental Hygiene Law § 33.13 (c) (1) permits the documents sought in demand No. 11 to be discovered as an exception to Education Law § 6527 (3).[3] Mental Hygiene Law § 33.13 concerns clinical records for patients and provides that such a record "shall contain information on all matters relating to the admission, legal status, care, and treatment of the patient * * * and shall include all pertinent documents relating to the patient" (Mental Hygiene Law § 33.13 [a]). Because, in the present case, documents of decedent's fall would have been necessary for proper care and treatment of decedent if he had returned to the facility, and his death certainly affected his legal status, we have little difficulty in agreeing with the Court of Claims that any incident report targeted in the subject case would be properly included in decedent's clinical record. We do disagree, however, that the exception contained in Mental Hygiene Law § 33.13 (c) (1) allowing a court of record to order "disclosure upon a finding by the court that the interests of justice significantly outweigh the need for confidentiality" was appropriately utilized in this case.

Although claimant might possibly be able to use some of the information contained in the requested records in order to prepare her case, such need should be adequately fulfilled by examinations before trial of employees of the facility not in violation of Education Law § 6527 (3), and by the police report that was completed in the matter. We find in this particular case that the interest of justice more appropriately lies in the need for confidentiality in order to promote frank and honest discussion and documentation of incidents such as that presented here, which could well implicate the care and treatment of patients generally (see, Lilly v Turecki, 112 AD2d 788, 789). Inasmuch as we find the Court of Claims' disclosure order to be an improvident exercise of its discretion, it must be modified accordingly.

MIKOLL, J. P., YESAWICH JR., CREW III and CASEY, JJ., concur.

Ordered that the order is modified, on the law and the facts,

---

3. By its terms, Education Law § 6527 (3) provides that documents which generally would be exempt from discovery under its provisions are discoverable when it is otherwise "provided by any other provision of law" (see, Matter of St. Elizabeth's Hosp. v State Bd. of Professional Med. Conduct, 174 AD2d 225, 229-230).

without costs, by reversing so much thereof as granted the motion to compel production of documents requested in paragraphs 11, 20 and 21 and conditionally granted the motion as to those documents requested in paragraphs 12 and 13; motion denied regarding said documents; and, as so modified, affirmed.