*87 OPINION OF THE COURT
Gerard M. Weisberg, J.
By an order to show cause dated January 7, 1992, claimant, Robert Duzon, sought an order compelling the defendant, State of New York, to produce various items for disclosure. The State in addition to opposing the motion has cross-moved for a protective order asserting privileges under the Mental Hygiene Law and the Education Law.
In the papers, it is alleged that claimant, a profoundly retarded adult, was residing in Manhattan Developmental Center (MDC), a facility of the State, when he was severely burned by a fellow patient who set fire to claimant’s bedding. Due to claimant’s mental condition, he has been of little assistance in preparing his claim for trial.
In an attempt to investigate this mishap, claimant deposed Scott Schneider, a mental hygiene therapy assistant and a midlevel supervisor at MDC. As it turned out, Mr. Schneider did not observe the incident. He did conduct an investigation into what had happened on his own authority. While it is unclear whether there existed an incident review committee, Mr. Schneider testified that no such committee directed him to perform his investigation, nor did he forward his results to any such entity.
Defendant’s counsel refused to allow Mr. Schneider to answer any questions concerning what his investigation revealed, claiming privilege. In addition, questions with respect to the identity of other patients who may have witnessed the mishap were prohibited by counsel.
Claimant also sought the production of several documents pursuant to notices for discovery and inspection. These included a demand for the report of the incident review committee. These together with other items, were refused. The foregoing resulted in the instant motions. At a conference with my law clerk, most of the disputed matters were resolved by stipulation. Still unresolved are the items described above, to wit, the Schneider deposition, the identity of any patients who may have witnessed the incident, and the report of the incident review committee, if any.
Taking the last first, Mental Hygiene Law § 29.29 requires facilities such as MDC to prepare reports of accidents and injuries affecting their patients’ health and welfare. Education Law § 6527 (3) then provides that "the investigation of an incident reported pursuant to section 29.29 of the mental *88 hygiene law” shall not be subject to disclosure under the CPLR.
Thus, if an incident review committee existed, investigated this occurrence and issued a report, that document would be immune from disclosure.* That such a report would greatly simplify the preparation of claimant’s case cannot be denied; nor that investigating what happened with a noncommunicative client without the report may prove impossible. Be that as it may, the statute is clear and, therefore, we may not rewrite it to rearrange the equities as we might otherwise choose. (Smith v State of New York, 181 AD2d 227, supra; Kline v Childrens Hosp., 152 Misc 2d 473.)
As to the Schneider deposition, although we have not been directed to any authority on point, we think there is a distinction to be drawn between reports of duly constituted review committees and employees making inquiries of coemployees on their own. The concept of excluding material from disclosure runs counter to the preferred goal of allowing free availability of all information material and necessary for trial preparation. (CPLR 3101 [a].) It should therefore not be imposed lightly. Where, as here, there has been no showing that Mr. Schneider was engaged in an official investigation on behalf of an appropriate review committee, we disallow the claim of privilege. (Cf., Smith v State of New York, 181 AD2d 227, supra; see also, Elmer v State of New York, 179 AD2d 1000; Byork v Carmer, 109 AD2d 1087.)
In addition, defendant refused to indicate whether any of the patients witnessed the incident and, if so, their names. Claimant objects that the mere identification of the patients is not privileged, citing Hirsch v Catholic Med. Ctr. (91 AD2d 1033) and Vanadio v Good Samaritan Hosp. (85 AD2d 662).
Those cases, however, dealt with non-mental-health patients where the applicable privilege statute prohibited only the revelation of medical treatment and records. (See, Public Health Law § 2803-c [3] [f].) To be contrasted is Mental Hygiene Law § 33.13 (c) which prohibits even the identification of the patients. This is to insulate them from humiliation and embarrassment (Munzer v Blaisdell, 183 Misc 773, affd without opn 269 App Div 970), although even this privilege may be waived when the "interests of justice significantly outweigh *89 the need for confidentiality.” (Mental Hygiene Law § 33.13 [c] [1].)
In conclusion, we hold that Mr. Schneider must be produced for a further deposition, at which time he shall answer all questions he refused to answer at his June 26, 1990 examination, except for those appearing on pages 79 and 90 of the transcript thereof. He shall also indicate, without revealing their identities, whether he found that any patients were witnesses. If so, claimant may renew his application to learn their identities. Such will be without prejudice to defendant’s right to renew its motion for a protective order with respect thereto on the grounds that such individual’s mental condition renders unwarranted his or her value or participation as a witness. Defendant shall also identify the therapy aides who were assigned to claimant and his alleged attacker at the time of the incident. Otherwise the motion and cross motion are denied.

 Not raised by the parties is the related issue of whether the initial incident report is privileged. (Cf., Smith v State of New York, 181 AD2d 227.)