OPINION OF THE COURT
George L. Cobb, J.
Petitioners have commenced a CPLR article 78 proceeding challenging a denial of a Freedom of Information Law request which sought investigative files of the Commission on Quality of Care for the Mentally Disabled with respect to reports of *66 child abuse at the Manhattan Children’s Psychiatric Center. The primary issue involved herein is the proper construction of clause (h) of paragraph (A) of subdivision (4) of section 422 of the Social Services Law.
Such statute provides, inter alla, that reports of the respondent Commission shall be confidential and shall only be made available to "any person engaged in a bona fide research purpose, provided, however, that no information identifying the subjects of the report or other persons named in the report shall be made available to the researcher unless it is absolutely essential to the research purpose and the department gives prior approval”. Petitioner contends that as a professional journalist engaged in investigative research for the purpose of writing an article on child abuse in a particular psychiatric facility, she is within the exception of confidentiality provided by the statute. Respondents interpreted the statute as being limited to academic or scientific research and denied petitioners’ Freedom of Information Law request.
"FOIL provides that all records of a public agency are presumptively open to public inspection and copying unless otherwise specifically exempted * * * Exemptions are to be narrowly construed to provide maximum access, and the agency seeking to prevent disclosure carries the burden of demonstrating that the requested material falls squarely within a FOIL exemption by articulating a particularized and specific justification for denying access” (Matter of Capital Newspapers v Burns, 67 NY2d 562, 566). In addition, there must be a showing of a clear legislative intent to establish and preserve the confidentiality asserted by the agency (supra; see also, Matter of Scott, Sardano & Pomeranz v Records Access Officer of City of Syracuse, 65 NY2d 294; Matter of Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75).
Social Services Law § 422 (4) (A) (h) clearly evinces an intent to make reports and investigative files of respondent Commission confidential. There is, however, no ascertainable legislative history with respect to the exception for research purposes. Similar reports are made confidential by other statutes, such as subdivision (3) of section 6527 of the Education Law and subdivision (c) of section 33.13 of the Mental Hygiene Law. The Appellate Division, Third Department, has determined that the intent of both statutes is to promote the frank and honest discussion and documentation of incidents which might be adversely affected by disclosure (Smith v State of New York, 181 AD2d 227). In addition, Mental Hygiene Law *67 § 33.13 (c) (8) (iii) includes an exception for "qualified researchers upon the approval of the institutional review board or other committee specially constituted for the approval of research projects at the facility”. Such additional qualification evinces an intent to restrict disclosure to those conducting scientific or psychological research. While the Social Services Law does not include any language specifically qualifying the type of research involved, the similar nature of the statutes imputes a similar intent. Moreover, the construction of a statute must avoid an absurd result. Petitioners’ construction, allowing disclosure to research a newspaper article aimed at disseminating the results of investigations and reports, would completely eviscerate the legislative intent to maintain the confidentiality of the process. Such exception would swallow the rule and allow access to confidential reports for any form of research including litigation, which has been specifically disallowed (see, Smith v State of New York, supra).
The court therefore finds that the statutory language "bona fide research purpose” should be construed as including academic, administrative or scientific research for the purpose of ascertaining the causes of child abuse and methods of alleviating or eliminating the problem. The court therefore finds that petitioners are not entitled to disclosure of respondents’ files. The CPLR article 78 proceeding shall therefore be dismissed.