■ In the Matter of LAKELAND FIRE DEPARTMENT, Petitioner, v BARBARA A. DeBUONO, as Commissioner of Health, New York State Department of Health, Respondent. [673 NYS2d 244] —White, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found that petitioner had violated an applicable State-approved protocol.

Petitioner is certified to operate an ambulance service in Ronkonkoma, Suffolk County. On November 2, 1991, at approximately 8:00 P.M., petitioner responded to an emergency call at a residence in Ronkonkoma where they found a 31-year-old male patient unconscious with multiple bruises and lacerations on his body. The patient was unresponsive to both painful stimuli and ammonia capsules but petitioner failed to transport the patient to the hospital. The next morning petitioner was again called to the same residence for the same patient at which time he was found dead.

A complaint was filed and an investigation was conducted by the Department of Health. A hearing was held and the Administrative Law Judge (hereinafter ALJ) determined that petitioner's failure to transport the unresponsive patient to a hospital demonstrated an inability to provide adequate ambulance service and supported the conclusion that petitioner violated Public Health Law former § 3012 (1) (b).* However, in view of the corrective steps taken by petitioner subsequent to this incident, the ALJ recommended that no penalty be imposed. By order dated April 18, 1997, respondent adopted the ALJ's report in toto, sustaining the charge that petitioner's employees had violated the Public Health Law by failing to transport the unresponsive patient to a medical facility on November 2,

---

* The applicable provisions of Public Health Law § 3012 (1) read as follows:

"Any ambulance service certificate issued pursuant to section three thousand five * * * may be revoked, suspended, limited or annulled by the department upon proof that the certificate holder * * * or one or more enrolled members or one or more persons in his employ: * * *

"(b) has demonstrated incompetence or has shown inability to provide adequate ambulance services." (As added by L 1974, ch 1053, § 2.)

1991, but imposing no penalty. Petitioner then commenced this CPLR article 78 proceeding to have the determination annulled.

Petitioner raises two issues in this proceeding, neither of which requires extensive discussion. First, petitioner argues that respondent's ruling is not rational since it is based on an erroneous interpretation of the statute in question, and second, that the determination is not supported by substantial evidence.

We disagree. It is clear from the record that petitioner failed to transport an unresponsive patient in violation of the Basic Life Support Protocol adopted by both the State and Suffolk County (10 NYCRR 800.15 [b]). Further, the interpretation of statutes by the agency charged with the responsibility for their administration should be afforded great deference and will generally be upheld unless irrational or unreasonable (see, Matter of Fineway Supermarkets v State Liq. Auth., 48 NY2d 464, 468; American Tr. Ins. Co. v State of New York, 225 AD2d 117, 122, lv denied 89 NY2d 816). Thus, we find respondent's conclusion that a single failure to transport on November 2, 1991 was sufficient to demonstrate an inability to provide adequate ambulance services in violation of Public Health Law former § 3012 (1) (b) to be reasonable and rational.

Petitioner also contends that the determination is not supported by substantial evidence. However, it is clear that the State-approved Basic Life Support Protocol was violated and, since the factual determinations made by respondent were within its expertise and were supported by the record, we find sufficient evidence to provide a rational basis for respondent's order (see, Matter of Chemical Specialties Mfrs. Assn. v Jorling, 85 NY2d 382, 396; Matter of Pell v Board of Educ., 34 NY2d 222, 230-231).

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.