■ CAROL NN., Appellant, v JAMES STONE, as Commissioner of the New York State Office of Mental Health, Respondent. [761 NYS2d 410] —Lahtinen, J. Appeal from an order of the Supreme Court (Benza, J.), entered March 27, 2002 in Albany County, which, inter alia, granted defendant's cross motion for summary judgment dismissing the complaint.

The primary issue on appeal is whether a report prepared by an independent consultant following a complaint about certain outpatient psychiatric care should, upon the request of the implicated patient, be included as part of the patient's clinical record. Plaintiff filed a complaint with the Office of Mental Health (hereinafter OMH) regarding care she had received at an outpatient facility operated by OMH. As a result of the complaint, William Charbonneau, Director of Clinical Risk Management for OMH, met with plaintiff and then requested an investigation of the complaint by Behavioral and Organizational Consulting Advocates (hereinafter BOCA). BOCA is a private organization that contracts with OMH to conduct independent reviews of OMH's programs to assess systemic conditions in an effort to enhance overall patient care. BOCA provided a 20-page report to OMH addressing the issues implicated by plaintiff's complaint. Charbonneau then sent plaintiff a three-page letter summarizing the investigation. According to the letter, some of plaintiff's concerns were substantiated whereas others were unfounded or inconclusive. The letter further noted various measures that were taken to address some of plaintiff's concerns.

Plaintiff requested that she be provided a copy of the full BOCA report and that a copy be placed in her medical files. Her request was denied upon the ground that OMH does not

make public any internal quality assurance documents. Plaintiff subsequently commenced the current action seeking a declaration that the BOCA report should be made available to her as part of her clinical record. Both parties eventually moved for summary judgment. Supreme Court granted defendant's cross motion dismissing the complaint. Plaintiff appeals.

Mental Hygiene Law § 33.13 (a) requires that a patient's clinical record "shall contain information on all matters relating to admission, legal status, care, and treatment of the patient or client and shall include all pertinent documents relating to the patient or client." A clinical record is further defined as "any information concerning or relating to the examination or treatment of an identifiable patient or client maintained or possessed by a facility which has treated or is treating such patient or client" (Mental Hygiene Law § 33.16 [a] [1]). Broad regulatory authority is conferred upon defendant regarding the contents of a clinical record (see Mental Hygiene Law § 33.13 [a]; see also Mental Hygiene Law § 31.04 [a] [2]; § 33.03 [b] [5]). Pursuant to this authority, defendant has promulgated regulations setting forth various categories of materials to be included in the case record of a patient receiving outpatient care (see 14 NYCRR 587.18 [b]).

Here, the report to which plaintiff seeks access was in the nature of a quality assurance review. The director of BOCA, Z. Peter Mitchell, executed an affidavit, the contents of which are not challenged, stating in relevant part that "[t]he purpose of this investigation and the subsequent report was to determine if any of [plaintiff's] complaints were valid and, if so, make recommendations to rectify any systemic problems encountered"; "[t]he purpose * * * was not to validate or refute any aspect of plaintiff's diagnosis"; "[t]he employees who conducted this investigation were specifically instructed not to make any specific treatment recommendations as to the individual patient"; and "[t]reatment plans and diagnoses are left to the patient's treatment providers." He further opines that "inclusion of the BOCA report in plaintiff' [sic] clinical records would not effect [sic] her diagnosis or change her treatment" and that "[d]isclosure of reports such as this report would severely inhibit the ability of BOCA to adequately investigate future complaints for systemic problems and inhibit openness on the part of those providing information for fear of legal reprisal."

It is apparent that BOCA's report does not fall squarely within the statutory language as an item that must be included in a patient's clinical record. Nor does the pertinent regulation require the report to be included in a clinic record. While

plaintiff urges a broad interpretation of the statute, we find that the interpretation employed by defendant, the agency responsible for the administration of the statute, is reasonable (*see Matter of Lakeland Fire Dept. v De Buono*, 250 AD2d 987, 988 [1998]). We thus agree with Supreme Court's conclusion that defendant was not required to place the BOCA report in plaintiff's clinical record and make a copy available to her.

Finally, we are not persuaded by plaintiff's argument that a contrary result is compelled by our holding in *Smith v State of New York* (181 AD2d 227 [1992]). *Smith* involved an unsuccessful attempt to obtain, through disclosure in a civil action arising from a suicide at a psychiatric center, an incident report that the Court noted would have been relevant to proper treatment if the decedent had survived (*id.* at 231). Here, as previously discussed, defendant demonstrated that the quality assurance report was not directly relevant to plaintiff's specific treatment.

Mercure, J.P., Crew III, Peters and Rose, JJ., concur. Ordered that the order is affirmed, without costs.