██ In the Matter of Louis Zacchio, Petitioner, v Richard F. Daines, as Commissioner of Health, et al., Respondents. [917 NYS2d 443]—

Malone Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Health which sustained two charges against petitioner and suspended his emergency medical technician certification for a period of 30 days.

Petitioner is employed as an emergency medical technician (hereinafter EMT) for the Town of Greenburgh, Westchester County. In January 2009, respondent Department of Health (hereinafter DOH) issued charges against petitioner arising out of two separate incidents, alleging that petitioner had violated both regional advanced life support emergency medical service protocols and state emergency medical service protocols, as well as the DOH regulations that govern emergency medical services. An Administrative Law Judge (hereinafter ALJ) conducted six hearings on the charges, following which the ALJ issued a report and recommended that all of the charges against petitioner be dismissed. Respondent Commissioner of Health subsequently issued an order that partly accepted the ALJ's report, sustained two of the charges against petitioner and suspended his EMT certification for 30 days. Petitioner then commenced this proceeding seeking to annul the Commissioner's determination.

Upon our review of the record, we find that substantial evidence supports the Commissioner's determination (see CPLR 7803 [4]; Matter of Lakeland Fire Dept. v DeBuono, 250 AD2d 987, 988 [1998]). With respect to the first incident, petitioner was charged with violating state-approved protocols by discon-

tinuing oxygen administration to a patient with a cardiac-related problem (*see* 10 NYCRR 800.15 [b]). The record reflects that petitioner responded to a 911 call and, upon arriving at the scene, found a 68-year-old male patient complaining of chest pain and difficulty breathing. First responders were treating the event as cardiac-related and, consequently, had commenced oxygen administration. Petitioner conducted an assessment of the patient's symptoms and concluded that the patient was experiencing a muscular problem, rather than a cardiac event. Consequently, petitioner discontinued oxygen administration to the patient while en route to the hospital. At the hospital, the patient was diagnosed with cardiac arrhythmia atrial fibrillation and was transferred to another hospital for placement of a cardiac pacemaker. Based upon the foregoing, substantial evidence supports the Commissioner's determination that petitioner violated the applicable state-approved protocol by discontinuing the application of oxygen to a patient experiencing a cardiac-related problem. Contrary to petitioner's contention, and as the Commissioner determined, the fact that petitioner correctly concluded that the patient did not suffer a myocardial infarction does not change the fact that the patient nevertheless presented with symptoms consistent with a cardiac-related problem and that petitioner should have treated him accordingly.

With respect to the second incident, petitioner was charged with entering false information on the prehospital care report in violation of state-approved protocol (*see* 10 NYCRR 800.15 [b]). The record reflects that petitioner was called to the scene of an emergency, where the patient, a 43-year-old woman, had lost consciousness and was having trouble breathing. While en route to the scene, petitioner made radio contact with the first responders, who were basic life support EMTs. The first responders indicated that they had assessed the patient's vitals and would transport her to the ambulance and wait for petitioner's arrival. When he arrived on the scene, petitioner became responsible for the patient by virtue of his status as an advanced EMT and was briefed regarding her status by the first responders. Petitioner conversed with the patient regarding her status and discussed with her who would take her to the hospital, but he did not perform a medical assessment of her. At some point, it was determined that the situation called for basic life support, rather than advanced life support, and the call for petitioner's services was canceled. Subsequently, on the patient's pre-hospital care report, petitioner indicated that the call for his services had been canceled at the scene and that he had no contact with the patient. Deferring to the Commissioner's "res-

olution of conflicting evidence and witness credibility" (*Matter of Ostad v New York State Dept. of Health*, 40 AD3d 1251, 1252 [2007]), we credit the Commissioner's findings that, regardless of who ultimately canceled the call for his services, as an advanced life support EMT, petitioner became responsible for the patient upon his arrival at the scene and that he interacted with her while she was under his care. Accordingly, the Commissioner's determination that petitioner falsified the pre-hospital care report by failing to document patient contact is supported by substantial evidence (*see Matter of Lakeland Fire Dept. v DeBuono*, 250 AD2d at 988).

Mercure, J.P., Rose, Lahtinen and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.