■ DAVID J. BYORK et al., Appellants, v MYRON E. CARMER et al., Respondents. — Order unanimously reversed, on the law, with costs, and motion granted. Memorandum: While undergoing gallbladder surgery at defendant Clifton Springs Hospital, plaintiff David Byork's common bile duct was severed. Plaintiff sued the attending physician, Myron E. Carmer; the assisting surgeon, Ronald Li; and the hospital. The theory of plaintiffs' case against the hospital is that it had knowledge of defendant Carmer's negligent performance on prior occasions, but, nevertheless, continued to extend staff privileges to him, thus breach-

ing a duty to plaintiff and other patients (*Bowhall v Hanlon,* 99 AD2d 857).

At an EBT, plaintiffs' counsel attempted to elicit whether the hospital had knowledge of prior injuries to patients during operations performed by Carmer and whether any action was taken against Carmer as a result of such knowledge. Defense counsel directed their clients not to answer, and this motion to compel discovered ensued. Special Term denied relief. We reverse.

Defendants argue, first, that Education Law § 6527 (3) prohibits disclosure of any information regarding their knowledge of alleged prior incidents of negligence by defendant Carmer. We do not read the statute so broadly. The statute provides that the records of the proceedings of a hospital review committee are exempt from disclosure and that no person in attendance at a medical review meeting shall be required to testify as to what transpired at the proceeding (Education Law § 6527 [3]). The purpose of the statute is to protect the confidentiality of the review proceeding. Here, plaintiffs have not sought the records of any review proceeding nor have they asked any person who might have attended such a proceeding to testify as to what transpired at such meeting. There are many ways in which the hospital might have acquired knowledge of the alleged prior negligence of the defendant doctor wholly apart from any review committee meeting. Such information is discoverable by plaintiff as is information as to whether, armed with such knowledge, the hospital took any action to limit staff privileges extended to Carmer.

Defendants also argue that evidence of prior acts of negligence is irrelevant. We disagree. Plaintiffs' theory of liability against the hospital is that it breached a duty to plaintiff by permitting an unqualified physician to have staff privileges. The knowledge the hospital may have had regarding defendant Carmer's alleged incompetence is, therefore, relevant and subject to disclosure.

Additionally, we observe once again that "[t]he purpose of disclosure procedures is to advance the function of a trial to ascertain truth and to accelerate the disposition of suits" (*Rios v Donovan,* 21 AD2d 409, 411). To this end, it is better practice to permit the witness to answer questions, reserving for trial objections in accordance with CPLR 3115. If it appears that answers to certain questions might infringe upon the doctor-patient privilege enjoyed by persons not parties to this action, the parties may seek a protective order to prevent abuse or prejudice to any person. (CPLR 3103 [a].) (Appeal from order of

Supreme Court, Wayne County, Davis, J. — discovery.) Present — Hancock, Jr., J. P., Doerr, Denman, Green and O'Donnell, JJ.