■ JILL S. LILLY, Appellant, v DUDLEY E. TURECKI et al., Respondents. (Action No. 1.) DIANE REES et al., Appellants, v DUDLEY E. TURECKI et al., Respondents. (Action No. 2.)—Order unanimously affirmed, without costs. Memorandum: In this malpractice action plaintiffs claim that defendant DeGraff Memorial Hospital was negligent in treating plaintiffs and in granting staff privileges at the hospital to codefendant Dr. Dudley E. Turecki and in permitting him to retain such privileges. They seek discovery of minutes and reports of various hospital committees dealing with, discussing or mentioning Dr. Turecki. In ruling on the hospital's motion for a protective order, Special Term directed that the minutes and reports in question be submitted to the presiding justice of the medical malpractice panel for in camera review and be disclosed to plaintiffs in the event the documents are not privileged under Education Law § 6527 (3). We affirm for reasons stated at Special Term and reject plaintiffs' claims that the section violates the due process clauses of the Federal and State Constitutions and unconstitutionally shields the hospital from liability for its own negligence.

Education Law § 6527 (3) provides, insofar as relevant, that the proceedings and records of "a committee having the responsibility of evaluation and improvement of the quality of care rendered in a hospital" are exempt from disclosure. When a statute is challenged as violative of due process, "the question is whether there is some fair, just and reasonable connection between it and the promotion of the health, comfort, safety and welfare of society" (*Health Ins. Assn. v Harnett,* 44 NY2d 302, 310; *Montgomery v Daniels,* 38 NY2d 41, 54). Improvement of the quality of medical care is a permissible State objective; the Legislature could reasonably have found that increased peer review would aid in accomplishing this objective, and that participation in peer review proceedings would be encouraged by a guarantee of confidentiality. Thus, the Legislature acted in pursuit of permissible State objectives and the means adopted are reasonably related to the accomplishment of its objective (*see, Montgomery v Daniels,* 38 NY2d 41, 54, *supra*). Plaintiffs seek abrogation of a privilege expressly granted by statute in the precise situation which the Legislature intended it to apply. There is no doubt

that disclosure here would result in the evil the statute seeks to avoid, i.e., the hospital would be penalized for encouraging the review of the shortcomings of a physician by having records relating to the performance of a medical review function used to demonstrate the hospital's prior knowledge in a negligence action.

The legislative policy of providing confidentiality in order to encourage peer review outweighs the plaintiffs' need for evidence in order to prove their cause of action. A hospital's knowledge of a physician's negligence may be provable without reference to medical review proceedings (*see, Byork v Carmer,* 109 AD2d 1087). Further, information which is privileged is not subject to disclosure no matter how strong the showing of need or relevancy (*see, Cirale v 80 Pine St. Corp.,* 35 NY2d 113, 117; *Brady v Ottaway Newspapers,* 97 AD2d 451, 452, *affd* 63 NY2d 1031; *Matter of Love Canal,* 92 AD2d 416, 422). (Appeal from order of Supreme Court, Erie County, Bayger, J.—discovery.) Present—Callahan, J. P., Boomer, O'Donnell, Pine and Schnepp, JJ.