■ WAYDE BUSH, Respondent, v JOHN M. DOLAN et al., Defendants, and ST. CLARE'S HOSPITAL, Appellant.—Casey, J. Appeal from an order of the Supreme Court (Conway, J.), entered May 2, 1988 in Albany County, which denied defendant St. Clare's Hospital's motion for a protective order.

Plaintiff's discovery demands must first be considered in the light of the potential liability of defendant St. Clare's Hospital (hereinafter defendant) to plaintiff for malpractice. A hospital cannot be held vicariously liable for the acts of a duly licensed physician who is not its employee *(Fiorentino v Wenger,* 19 NY2d 407; *Raschel v Rish,* 110 AD2d 1067). Therefore, the only theory on which defendant can be held liable for any malpractice committed by nonemployee physicians is if defendant had notice of prior acts of negligence or incompetence of the physician and breached its duty to plaintiff by permitting an unqualified physician to exercise staff privileges *(see, Byork v Carmer,* 109 AD2d 1087, 1088). If, however, any incidents of prior negligence exist and were learned from proceedings and records of the hospital review committee, such information is statutorily privileged and exempt from disclosure (Education Law § 6527 [3]; *see, Lilly v Turecki,* 112 AD2d 788).

The purpose of the legislative policy which affords such

confidentiality is to encourage hospitals to review the short-comings of its physicians, and this policy outweighs the needs of plaintiffs for access to the material *(see, Lilly v Turecki, supra,* at 789). This privilege, however, attends only to the proceedings and records of a medical review committee and to all persons in attendance at a meeting where a medical review function was performed, except a party to an action or pro-ceeding the subject matter of which was reviewed at 'such meeting (Education Law § 6527 [3]). In *Carroll v Nunez* (137 AD2d 911), a medical malpractice action involving a cause of action against a hospital based upon the theory that the hospital was negligent in permitting an unqualified doctor to operate on the plaintiff, we held that the plaintiff was not entitled to possession of the doctor's personnel file or any complaints that may have been made against him for perform-ing unnecessary surgery or for performing surgery for which he was not qualified. Our holding was based upon the exemp-tion contained in Education Law § 6527 (3).

Defendant contends that the holding in *Carroll v Nunez (supra)* is applicable here since plaintiff seeks similar informa-tion. This reliance, however, is misplaced, for as previously noted the exemption expressly applies only to information obtained in the course of a hospital's review proceedings, and defendant does not allege that the information sought by plaintiff was so obtained. On the contrary, the attorney's affirmation in support of defendant's motion for a protective order admits to a lack of knowledge as to whether defendant ever conducted any review of the physician involved. It is defendant's contention that since the information sought by plaintiff *could* have been obtained during the course of a hospital review proceeding or an investigation by the Public Health Council *(see,* Public Health Law § 2801-b [3]), the exemption is applicable; we conclude, however, that the ex-emption applies only where the information was in fact so obtained *(see, Byork v Carmer, supra).*

Since the purpose of the exemption is to encourage hospitals to review the shortcomings of their physicians *(Lilly v Tu-recki, supra),* it would be counterproductive to apply the exemption in a case where a hospital never undertook such a review. We note that it is not necessary for a hospital to establish that it acquired the information during the course of a review proceeding undertaken with respect to the particular incident that is the subject of the malpractice action. Rather, a hospital is required, at a minimum, to show that it has a review procedure and that the information for which the

exemption is claimed was obtained or maintained in accordance with that review procedure. Accordingly, defendant's motion for a protective order was properly denied by Supreme Court. Nevertheless, in the circumstances of this case and in order to prevent "the evil the statute seeks to avoid" *(Lilly v Turecki, supra,* at 789), we are of the view that denial of defendant's motion for a protective order should be without prejudice to renewal in the event that defendant is able to establish that some or all of the information sought by plaintiff was obtained in a manner which would make the statutory exemption applicable.

Order modified, on the facts, with costs to plaintiff, by adding to the first decretal paragraph therein a provision making the denial of defendant St. Clare's Hospital's motion without prejudice to renewal upon a proper showing, and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.