■ AUSTIN L. BRYANT, an Infant, by His Parents and Natural Guardians, GINA Y. BRYANT et al., et al., Respondents, v DAVID T. BUI, Appellant, et al., Defendants. [695 NYS2d 790] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly granted that part of plaintiffs' motion seeking to compel David T. Bui, M.D. (defendant) to answer questions (a) through (d) and (f) through (n), which were posed during an examination before trial, but erred in directing him to answer question (e). With respect to question (a), defendant stated that there were "two, three or four" books

that he found authoritative, and thus the court properly ordered him to provide the names of those books. Any material that may be used as evidence-in-chief or for rebuttal or impeachment is discoverable (*see,* CPLR 3101; *Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403, 407). An expert may be cross-examined on a textbook only after the expert has accepted the textbook as authoritative (*Labate v Plotkin,* 195 AD2d 444, 445).

Defendant contends that he should not be compelled to answer questions (b), (c), (d) and (e) because they seek information protected under Education Law § 6527 or Public Health Law § 2805-m. Statements of a defendant in medical malpractice litigation that were made before a peer review board or for quality assurance evaluation are not privileged when they relate to the subject matter of the litigation (*see,* Education Law § 6527 [3]; Public Health Law § 2805-m [2]; *Logue v Velez,* 92 NY2d 13, 18-19). Thus, the court properly ordered defendant to answer questions (b), (c) and (d) but erred in ordering him to answer question (e), concerning whether he reviewed a quality assurance evaluation. An evaluation report, if any, is not discoverable and defendant therefore is not required to answer that question.

With respect to the remaining questions, those concerning defendant's opinion on the treatment and standard of care on the facts presented during the surgery were proper (*see, Gibson v D'Amico,* 97 AD2d 905, *lv denied* 61 NY2d 603, *rearg denied* 64 NY2d 646; *Carvalho v New Rochelle Hosp.,* 53 AD2d 635). Those questions concerning the competence of the assisting physician also were proper because information regarding prior incidents of negligence by a physician, the hospital staff's knowledge of those incidents and the actions taken are discoverable (*see, Byork v Carmer,* 109 AD2d 1087).

Plaintiffs' request that we modify the order to compel defendant to answer the questions orally is not properly before this Court because plaintiffs did not appeal (*see, Miller v Falter Constr. Corp.,* 226 AD2d 1110).

We modify the order, therefore, by denying that part of plaintiffs' motion to compel defendant to answer question (e). (Appeal from Order of Supreme Court, Erie County, Whelan, J.—Discovery.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Callahan, JJ.