OPINION OF THE COURT
Anthony L. Parga, J.
Motion by the defendants for an order, pursuant to 22 *698 NYCRR 216.1 and CPLR 3103 (a), sealing the court record relating to this action and prohibiting the plaintiff from disclosing to any third party the information relating to the internal peer review proceedings and quality management activities conducted by defendants, is denied in its entirety and consequently the temporary restraining order is vacated.
The application at bar is apparently one of first impression. Reported cases granting a protective order concerning the subject documents have arisen in the context of medical malpractice actions and not in cases such as the one at bar, which - is primarily an action sounding in defamation and breach of contract.
This action arises out of the defendants’ imposition of monitoring procedures on the plaintiff, a physician, after an incident which occurred on March 8, 2000, in the defendant hospital’s operating room while the plaintiff was the attending anesthesiologist. The plaintiff did not appear for a hearing held on July 10, 2000, as part of the hospital’s peer review process. The plaintiff’s refusal to comply with the conditions imposed on him was deemed by the defendants to be a resignation by the plaintiff of his position with the hospital’s Department of Anesthesiology. Shortly thereafter plaintiff commenced his lawsuit, seeking monetary damages from the eight causes of action he has alleged. The defendants then obtained ex parte a temporary restraining order (Roberto, J.) sealing the record in this action and prohibiting the plaintiff from disclosing to third parties information relating to the peer review process. With the seal in place, the defendants subsequently moved to dismiss the complaint and have purportedly annexed confidential materials from the hearing in support of their motion.
The defendants argue that the integrity of the peer review process would best be preserved if these records were not made accessible to the public since (a) State and Federal statutes (see, Public Health Law § 2805-m [2]; Education Law § 6527; 42 USC § 11137 [b]) mandate that the peer review process be kept confidential and not disclosed to the public, and (b) since the defendants need to rely on evidence adduced by the peer review process in order to defend themselves. They further contend that future investigations into issues relating to the physician’s professional conduct would be compromised, as well as the confidentiality of records related to the individual patient.
The law has always favored the public’s right of access to court proceedings and to inspect and copy judicial documents *699 (see, Richmond Newspapers v Virginia, 448 US 555, 575-578; Nixon v Warner Communications, 435 US 589, 597; Matter of Newsday v Sise, 71 NY2d 146, 153, n 4; Danco Labs. v Chemical Works, 274 AD2d 1, 6-7). In response to concern that the practice of sealing records of settlements in tort actions would prevent consumers from learning about, for example, potential defects in products, New York promulgated rule 216.1 (a) of the Uniform Rules for the New York State Trial Courts (22 NYCRR) to require the courts to take into account the public’s interest and exercise their discretion in overriding the parties’ wishes to seal the records (Matter of Twentieth Century Fox Film Corp., 190 AD2d 483, 485-486). The rule provides that “[e]xcept where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as the parties.” (22 NYCRR 216.1 [a].) “[G]ood cause” requires a legitimate or sound basis to justify the sealing of court documents (Danco Labs. v Chemical Works, supra, at 8; Matter of Brownstone, 191 AD2d 167).
In applying these principles to the motion at bar, the court finds that the defendants failed to sufficiently establish good cause to seal this court record. The blahket protection sought by the defendants is not justified since plaintiffs eight causes of action (e.g., defamation, intentional infliction of emotional distress, breach of contract, breach of the medical staffs bylaws, etc.) extend beyond an examination of defendant’s confidential professional review process. The purpose of Education Law § 6527 and Public Health Law § 2805-m is to promote the quality of hospital and medical care through self-review without fear of reprisal by guaranteeing confidentiality to those persons performing the review function (Katherine F. v State of New York, 94 NY2d 200, 205; Logue v Velez, 92 NY2d 13, 17; vanBergen v Long Beach Med. Ctr., 277 AD2d 374). These statutes were “not intended, however, to extend protection to persons whose conduct is subject to review” (vanBergen v Long Beach Med. Ctr., supra, at 374-375; see, Bryant v Bui, 265 AD2d 848, 849). This includes defendant Kitain as well as the plaintiff, who chose not to appear at a peer review hearing, even though the cloak of confidentiality might inure to his benefit. This is not a medical malpractice action, and this plaintiff *700 is not attempting “to circumvent the confidentiality provisions of Education Law § 6527 (3) and article 28 of the Public Health Law” (Logue v Velez, supra, at 19). The gravamen of plaintiffs complaint reveals a bitter dispute between an employer and a 10-year physician/employee at one of the major medical centers in this country, and the public (if not the patient involved in the incident) has a right to know what purportedly transpired between these parties and led to the disintegration of the parties’ employment relationship and the damages allegedly sustained by the plaintiff.
The denial of defendants’ motion does not preclude a future application by either of the parties during the discovery phase of this litigation for a protective order concerning the defendants’ peer review/quality assurance file surrounding the subject incident.