■ JOHN F. HASBROUCK, Individually and as Administrator of the Estate of BARBARA J. HASBROUCK, Deceased, Appellant, v AFRODISIO A. CAEDO, Respondent, et al., Defendants. [745 NYS2d 294] —Carpinello, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered March 1, 2001 in Ulster County, which, inter alia, denied plaintiff's motion to compel a further examination of defendant Afrodisio A. Caedo.

Plaintiff commenced this medical malpractice action to recover for the personal injuries and death of decedent, allegedly caused by defendants' negligence in the context of gastrointestinal surgeries performed on decedent in March and April 1995. The surgeries were performed by defendant William Cooper at defendant Ellenville Community Hospital. Defendant Afrodisio A. Caedo is the chief of surgery at the hospital and a member of its peer review committee. According to plaintiff, Caedo directed Cooper not to perform a second surgery which Cooper had scheduled, thereby delaying the corrective surgery required as a result of problems stemming from the initial surgery. Although Caedo did not treat decedent or have any other contact with her, plaintiff contends that a physician-patient relationship arose between Caedo and decedent as a result of Caedo's directive to Cooper.

During Caedo's deposition, plaintiff sought to explore his role in directing Cooper not to perform the second surgery. Caedo testified that he did not recall giving any such directive and that his only involvement was as a member of the peer review committee. Based on the privilege applicable to peer review committee proceedings and recommendations (*see*, Education Law § 6527 [3]), Caedo refused to answer various questions on

the matter. Plaintiff thereafter moved to compel Caedo to respond to the questions and now appeals from Supreme Court's denial of that motion.

Plaintiff's claim that, as a party to this malpractice action, Caedo falls within the express exception to the peer review committee privilege contained in Education Law § 6527 (3) is based solely on the theory that a physician-patient relationship existed between Caedo and decedent which, in turn, is based solely on plaintiff's allegation that Caedo directed Cooper not to perform the surgery. Even assuming that such a directive, standing alone, would be sufficient to establish the existence of a physician-patient relationship, the only evidence relied upon by plaintiff to demonstrate that Caedo gave such a directive was Cooper's testimony that he was told by an unnamed operating room nurse that Caedo had directed Cooper not to proceed with the surgery. We agree with Supreme Court that Cooper's testimony is hearsay, which would be inadmissible at trial and has insufficient probative value in and of itself to warrant application of the narrow exception to the peer review committee privilege.

Plaintiff's arguments that the evidence is not hearsay and that, in any event, it falls within one or more exception to the hearsay rule may have some merit with regard to Caedo's role as a declarant, but fail when applied to the out-of-court statement of the nurse who allegedly relayed the directive to Cooper. The nurse is also a declarant and, regardless of whether Caedo's directive would constitute hearsay or fall within an exception to the hearsay rule if Caedo had spoken directly to Cooper, the nurse's statement to Cooper is clearly hearsay. Her statement was not offered merely for the fact that it was made, as plaintiff claims, but for the truth of its contents, i.e., what Caedo said about Cooper performing the surgery, and we see no basis for any exception with regard to her statement to Cooper (*see generally, Nucci v Proper*, 95 NY2d 597).

In the absence of probative evidence to demonstrate a physician-patient relationship between Caedo and decedent, the record demonstrates that Caedo's only involvement with regard to the surgeries was as a member of the peer review committee and that it was Cooper's conduct that was the subject of the peer review. We conclude, therefore, that plaintiff cannot circumvent the confidentiality provision of Education Law § 6527 (3) merely by inserting a claim against Caedo in the complaint (*see, Logue v Velez*, 92 NY2d 13, 19). Accordingly, Supreme Court correctly denied plaintiff's motion to compel further disclosure.

Cardona, P.J., Mercure, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.