■ Susan Stalker, Appellant, v Akiva Abraham et al., Defendants, and Samaritan Hospital, Respondent. [897 NYS2d 250]—

McCarthy, J.

Plaintiff commenced this medical malpractice action against defendant Akiva Abraham based, in part, on procedures Abraham performed at defendant Samaritan Hospital (hereinafter defendant). Plaintiff alleged that defendant knew or should have known that Abraham was incompetent and unfit to

practice medicine and nevertheless allowed him to continue performing services at its facility. Plaintiff moved to compel testimony from defendant's representative regarding defendant's staff physician certification process generally and regarding defendant's decisions to certify and recertify Abraham in particular. Supreme Court granted defendant's cross motion for a protective order on the basis that the information was confidential and not discoverable. Plaintiff appeals.

Defendant invoked the statutory prohibitions on disclosure contained in Education Law § 6527 (3) and Public Health Law § 2805-m. These provisions safeguard information collected as part of a medical review committee's periodic assessment of physicians' credentials and competence in order to encourage frank and objective discussion during the credentialing process (*see Logue v Velez*, 92 NY2d 13, 17 [1998]). The Education Law expressly precludes a plaintiff from questioning deponents with respect to the proceedings of a hospital's credentials committee, which performs "a 'medical review function' within the meaning of section 6527" (*Larsson v Mithallal*, 72 AD2d 806 [1979]). "Public Health Law § 2805-m confers complete confidentiality on information gathered by a hospital in accordance with Public Health Law §§ 2805-j and 2805-k, expressly exempting it from disclosure under CPLR article 31" (*Logue v Velez*, 92 NY2d at 17 [citation omitted]). The party asserting the Education Law privilege bears the burden of establishing its applicability (*see Kivlehan v Waltner*, 36 AD3d 597, 598 [2007]). "In order to assert the privilege, '[a] hospital is required, at a minimum, to show that it has a review procedure and that the information for which the exemption is claimed was obtained or maintained in accordance with that review procedure' " (*id.* at 599, quoting *Bush v Dolan*, 149 AD2d 799, 800-801 [1989]). "In the absence of a properly asserted privilege, any 'knowledge the hospital may have had regarding [a staff physician's] alleged incompetence is . . . relevant and subject to disclosure,' where, as here, the plaintiff[ ] contend[s] that the defendant hospital was negligent in granting privileges to the defendant [physician]" (*Van Caloen v Poglinco*, 214 AD2d 555, 557 [1995], quoting *Byork v Carmer*, 109 AD2d 1087, 1088 [1985]).

Defendant submitted a detailed affidavit from Christie Harris, its medical staff credentialing specialist, who stated that she was familiar with defendant's records and procedures with respect to credentialing. She described the information that Abraham was required to submit for his initial credentialing and subsequent biannual recredentialing, and she stated that "[t]he only way [defendant] would be permitted to obtain such

information . . . would be through the credentialing process." She explained the steps that defendant takes to independently ascertain whether a physician has provided full and complete information in applying for privileges, and affirmed that such steps had not revealed any issues with respect to medical care and treatment provided by Abraham. Harris noted that defendant monitors the quality of care provided by physicians to whom it has issued privileges, and the legal obligation defendant has to report any incidents involving such physicians to the Department of Health. She described the role of defendant's credentialing committee in reviewing an applicant's information and in any disciplinary action taken, including any restriction of privileges. Harris stated that the sole purpose for the credentialing process was to comply with legal requirements mandating that hospitals have a mechanism in place to prevent medical malpractice. She noted that defendant would only become aware of a malpractice claim against a physician through the credentialing process. Finally, Harris stated that all of the information sought by plaintiff was "gathered through the peer review, credentialing and quality assurance processes" and that defendant relied on the statutory privileges against disclosure of that information in conducting internal investigations and maintaining the effectiveness of its statutorily required medical malpractice prevention program.

We agree with Supreme Court that defendant adequately invoked the privileges against disclosure contained in the Education Law and the Public Health Law. To be sure, "[t]here are many ways in which [defendant] might have acquired knowledge of . . . alleged prior negligence of [a] defendant doctor wholly apart from any review committee meeting. Such information is discoverable by [the] plaintiff as is information as to whether, armed with such knowledge, the hospital took any action to limit staff privileges extended to [a defendant doctor]" (*Byork v Carmer*, 109 AD2d at 1088; *see Megrelishvili v Our Lady of Mercy Med. Ctr.*, 291 AD2d 18, 24-26 [2002], *lv dismissed* 99 NY2d 532 [2002]; *Bryant v Bui*, 265 AD2d 848, 849 [1999]). However, "[t]he legislative policy of providing confidentiality in order to encourage peer review outweighs [a] plaintiff['s] need for evidence in order to prove [a] cause of action. A hospital's knowledge of a physician's negligence may be provable without reference to medical review proceedings" (*Lilly v Turecki*, 112 AD2d 788, 789 [1985], citing *Byork v Carmer*, 109 AD2d at 1088; *see Zion v New York Hosp.*, 183 AD2d 386, 389 [1992]). Indeed, plaintiff has already discovered evidence from public sources that she claims evince defendant's prior awareness of Abraham's alleged incompetence. Now, however, plaintiff is specifically

seeking deposition testimony regarding the very information to which the statutory privilege applies. "[I]nformation which is privileged is not subject to disclosure no matter how strong the showing of need or relevancy" (*Lilly v Turecki*, 112 AD2d at 789; *see Smith v Delago*, 2 AD3d 1259, 1260 [2003]). Accordingly, we perceive no abuse of discretion in granting the protective order.

Spain, J.P., Rose, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.