■ John Lamacchia, Individually and as Administrator of the Estate of Linda Lamacchia, Deceased, Appellant, v Mark A. Schwartz, Defendant, and Good Samaritan Hospital, Respondent. [941 NYS2d 245]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Molia, J.), dated November 23, 2010, which denied his motion pursuant to CPLR 3124 to compel discovery of certain records and granted the cross motion of the defendant Good Samaritan Hospital pursuant to CPLR 3103 for a protective order with respect to those records, and (2) an order of the same court dated April 6, 2011, which denied his motion for leave to renew and reargue.

Ordered that the order dated November 23, 2010, is modified, on the law, (1) by deleting the provision thereof denying that branch of the plaintiff's motion which was to compel discovery of a credentialing file maintained by the defendant Good Samaritan Hospital regarding the defendant Mark A. Schwartz, and any separate written record of the administrative peer

review hearing conducted by the defendant Good Samaritan Hospital which resulted in the revocation of the attending privileges of the defendant Mark A. Schwartz, and substituting therefor a provision granting that branch of the motion to the extent of directing the defendant Good Samaritan Hospital to produce those records to the Supreme Court for an in camera review to determine whether such records contain statements by the defendants regarding the subject matter of this action, and if so, for disclosure pursuant to Education Law § 6527 (3) and Public Health Law § 2805-m (2) of those portions of the records which contain such statements, and (2) by deleting the provision thereof granting that branch of the cross motion of the defendant Good Samaritan Hospital which was for a protective order with respect to the aforementioned credentialing file and any separate written record of the aforementioned administrative peer review and substituting therefor a provision denying that branch of the cross motion to the extent of allowing the aforementioned in camera review and subsequent disclosure of those portions of the records, if any, which contain statements by the defendants regarding the subject matter of this action; as so modified, the order dated November 23, 2010, is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith; and it is further,

Ordered that the appeal from so much of the order dated April 6, 2011, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument (see *Latopolski v Rudge*, 35 AD3d 390 [2006]); and it is further,

Ordered that the appeal from so much of the order dated April 6, 2011, as denied that branch of the plaintiff's motion which was for leave to renew that branch of his motion which was to compel discovery of, and his opposition to that branch of cross motion of the defendant Good Samaritan Hospital which was for a protective order with respect to, those portions of the aforementioned credentialing file and any separate written record of the aforementioned administrative peer review, which contain statements by the defendants regarding the subject matter of this action, is dismissed as academic in light of the determination on the appeal from the order dated November 23, 2010; and it is further,

Ordered that the order dated April 6, 2011, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff commenced this action against the defendants,

Mark A. Schwartz (hereinafter Schwartz) and Good Samaritan Hospital (hereinafter the Hospital), alleging that, as a result of the defendants' malpractice, his wife sustained a heart attack during a procedure to insert a device known as a port-a-cath, which administers medication. The plaintiff alleged that the Hospital negligently allowed Schwartz to have attending privileges at the Hospital. The plaintiff also claimed that, following an internal administrative peer review hearing conducted by the Hospital after the decedent died, the Hospital revoked Schwartz's attending privileges.

The plaintiff moved to compel discovery of the personnel and credentialing files which the Hospital maintained regarding Schwartz. The Hospital cross-moved for a protective order to prevent such disclosure, arguing that it had no personnel file relating to Schwarz since he was not an employee, and that the credentialing file was protected from disclosure by statutory privilege. The Supreme Court denied the motion and granted the cross motion, concluding, inter alia, that the credentialing file was related to the Hospital's "quality assurance function and medical malpractice prevention" and, thus, was protected from disclosure pursuant to the Education Law and the Public Health Law. The plaintiff thereafter moved for leave to renew and reargue, but the Supreme Court denied that relief.

Credentialing files "fall squarely within the materials that are made confidential by Education Law § 6527 (3) and article 28 of the Public Health Law" (*Logue v Velez*, 92 NY2d 13, 18 [1998]; *see Stalker v Abraham*, 69 AD3d 1172, 1173 [2010]). However, both Education Law § 6527 (3) and Public Health Law § 2805-m (2) contain identical exceptions for the discovery of " 'statements made by any person in attendance at such a [quality control or medical malpractice] meeting who is a party to an action or proceeding the subject matter of which was reviewed at such meeting' " (*Logue v Velez*, 92 NY2d at 18, quoting Education Law § 6527 [3]; Public Health Law § 2805-m [2]). "The evident purpose of this provision is to permit discovery of statements given by a physician or other health professional in the course of a hospital's review of the facts and circumstances of an earlier incident which had given rise to a malpractice action" (*Logue v Velez*, 92 NY2d at 18-19; *see Swartzenberg v Trivedi*, 189 AD2d 151, 153 [1993]). Here, the record suggests that such statements may have been made at the administrative peer review hearing conducted by the Hospital prior to its revocation of Schwartz's attending privileges, and that such statements are contained either in his credentialing file or in a separate written record of such review.

Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was to compel discovery of the credentialing file maintained by the Hospital regarding Schwartz, and any separate written record of the administrative peer review hearing conducted by the Hospital which resulted in the revocation of Schwartz's attending privileges, to the extent of directing the Hospital to produce those records to the Supreme Court for an in camera review to determine whether such records contain statements by the defendants regarding the subject matter of this action, and if so, for disclosure pursuant to Education Law § 6527 (3) and Public Health Law § 2805-m (2) of those portions of the records which contain such statements. The Supreme Court should have denied that branch of the Hospital's cross motion which was for a protective order with respect to the aforementioned credentialing file and any separate written record of the aforementioned administrative peer review, to the extent of allowing the aforementioned in camera review and subsequent disclosure of those portions of the records, if any, which contain statements by the defendants regarding the subject matter of the action. We therefore remit the matter to the Supreme Court, Suffolk County, to accomplish the in camera review.

The parties' remaining contentions are without merit. Rivera, J.P., Leventhal, Roman and Sgroi, JJ., concur.