# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

390
CA 16-01345
PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND SCUDDER, JJ.

THOMAS P. JOUSMA AND ELLENE PHUFAS-JOUSMA,
PLAINTIFFS-RESPONDENTS,

V                                              MEMORANDUM AND ORDER

DR. VENKATESWARA R. KOLLI AND KALEIDA HEALTH,
DOING BUSINESS AS DEGRAFF MEMORIAL HOSPITAL,
DEFENDANTS-APPELLANTS.

---

ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (JOHN P. DANIEU OF COUNSEL), FOR DEFENDANT-APPELLANT DR. VENKATESWARA R. KOLLI.

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (VICTOR A. OLIVERI OF COUNSEL), FOR DEFENDANT-APPELLANT KALEIDA HEALTH, DOING BUSINESS AS DEGRAFF MEMORIAL HOSPITAL.

FRANCIS M. LETRO, BUFFALO (CAREY C. BEYER OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

---

Appeals from an amended order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered March 2, 2016. The amended order compelled disclosure of various documents and ordered a second deposition of defendant Dr. Venkateswara R. Kolli.

It is hereby ORDERED that the amended order so appealed from is unanimously reversed on the law without costs and plaintiffs' motion is denied.

Memorandum: Defendants appeal from an amended order compelling disclosure of various documents and ordering a second deposition of defendant Dr. Venkateswara R. Kolli. At Dr. Kolli's first deposition, his attorney directed him not to answer certain questions relating to alleged prior instances of malpractice on his part. Plaintiffs thereafter moved for disclosure of Dr. Kolli's credentialing and personnel files, held by defendant Kaleida Health, doing business as DeGraff Memorial Hospital, and for leave to conduct a second deposition of Dr. Kolli with regard to the information contained in those files. Supreme Court granted plaintiffs' motion over defendants' objections that the documents are privileged. We now reverse.

Concerning the discoverability of Dr. Kolli's credentialing file, we note that such files "fall squarely within the materials that are made confidential by Education Law § 6527 (3) and article 28 of the

Public Health Law" (*Logue v Velez*, 92 NY2d 13, 18; *see Lamacchia v Schwartz*, 94 AD3d 712, 714; *Scinta v Van Coevering*, 284 AD2d 1000, 1001-1002).  That privilege shields from disclosure " 'the proceedings [and] the records relating to performance of a medical or a quality assurance review function or participation in a medical . . . malpractice prevention program' " (*Logue*, 92 NY2d at 16-17).  Here, defendants established that the credentialing file was "generated in connection with a quality assurance review function pursuant to Education Law § 6527 (3) or a malpractice prevention program pursuant to [article 28 of the] Public Health Law" (*Matter of Coniber v United Mem. Med. Ctr.*, 81 AD3d 1329, 1330 [internal quotation marks omitted]).  We therefore conclude that the credentialing file is privileged and that the court improperly ordered defendants to disclose it (*see id.*).

Although there is an exception to the privilege, the exception is limited to those statements made by a doctor to his or her employer-hospital concerning the subject matter of a malpractice action and pursuant to the hospital's quality-control inquiry into the incident underlying that action (*see Logue*, 92 NY2d at 18; *Bryant v Bui*, 265 AD2d 848, 849; *Swartzenberg v Trivedi*, 189 AD2d 151, 152-154, *appeal dismissed* 82 NY2d 749).  Contrary to plaintiffs' contention, that exception does not apply here because the injury underlying this action was never the subject of such an inquiry.  *Byork v Carmer* (109 AD2d 1087, 1088), relied upon by plaintiffs, is distinguishable.  In that case, plaintiff sought to question a hospital employee about the hospital's knowledge of prior alleged incidents of malpractice by a particular doctor.  We rejected the defendant hospital's invocation of the privilege accorded by Education Law § 6527 (3) inasmuch as "information regarding [the hospital's] knowledge of alleged prior incidents of negligence by [the doctor]" does not fall under that privilege (*Byork*, 109 AD2d at 1088).  Here, in contrast, plaintiffs do not seek to question Dr. Kolli merely about "information"; they seek access to his entire credentialing file, and that file is privileged (*see* § 6527 [3]).

Concerning the discoverability of Dr. Kolli's personnel file, we conclude that plaintiffs' general request for that entire file is overly broad (*see Haga v Pyke*, 19 AD3d 1053, 1055; *Conway v Bayley Seton Hosp.*, 104 AD2d 1018, 1019-1020), and we therefore deny that request in its entirety.  We thus have no occasion to decide whether any privilege might apply to specific documents in the personnel file (*see generally Conway*, 104 AD2d at 1020).

In light of our determination to reverse the amended order compelling disclosure of the above documents, a second deposition of Dr. Kolli to explore the issues raised in the documents is unneccessary.  We have reviewed defendants' remaining contentions and conclude that they are without merit.


Entered:  April 28, 2017                    Frances E. Cafarell
                                            Clerk of the Court