Bamberg-Taylor v Strauch (2020 NY Slip Op 01470)





Bamberg-Taylor v Strauch


2020 NY Slip Op 01470


Decided on March 3, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2020

Renwick, J.P., Gische, Kern, Singh, JJ.


11179N 304386/08

[*1] Yvette Bamberg-Taylor, Plaintiff-Appellant, Donald Taylor, Plaintiff,
v
Berish Strauch, M.D., et al., Defendants, Montefiore Medical Center, Defendant-Respondent.


Peter H. Paretsky, New York, for appellant.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for respondent.



Order, Supreme Court, Bronx County )George J. Silver, J.(, entered on or about December 19, 2018, which, to the extent appealed from, denied plaintiff Yvette Bamberg-Taylor's motion to compel defendant to produce a witness for deposition to answer questions regarding general hospital credentialing procedures, unanimously affirmed, without costs.
The discovery sought in the motion to compel is protected by the statutory privileges of Education Law § 6527(3) and Public Health Law § 2805—m, and plaintiff offers no persuasive arguments to the contrary (see Bush v Dolan, 149 AD2d 799, 799-800 [3d Dept 1989]; Lily v Turecki, 112 AD2d 788, 789 [4th Dept 1985]).
These statutes "shield from disclosure the proceedings and the records relating to performance of a medical or a quality assurance review function or participation in a medical malpractice prevention program" (Jousma v Kolli, 149 AD3d 1520 [4th Dept 2017], citing Logue v Velez, 92 NY2d 13, 16-17 [1998] [internal quotation marks omitted]). Their purpose is to safeguard information collected as part of a medical review committee's periodic assessment of physicians' credentials and competence in order to encourage frank and objective discussion during the credentialing process (id. at 17).
Plaintiffs' argument, unsupported by statutory language, case law or other authority, that these statutory protections do not apply to "general" information about a hospital's credentialing procedures is not persuasive (see Stalker v Abraham, 69 AD3d 1172 [3d Dept 2010]).
Montefiore has met its burden to show that the statutory privilege applies; in order to do so, a hospital is required, at a minimum, to show it has a review procedure and that the information for which the exemption is claimed was obtained or maintained in accordance with that review procedure (Kivlehan v Waltner, 36 AD3d 597 [2d Dept 2007]). The motion court's prior order on defendant's motion for a protective order included a finding that the hospital had a review procedure that met the standards of the Public Health Law. Dr. Weiss's affidavit, moreover, establishes that the information sought via the deposition at issue here is information obtained or maintained in accordance with Montefiore's review procedure. In particular, he attests that information compiled in order to "insure that a physician is capable of performing the [*2]procedures for which privileges are to be, or have been, granted," is information "compiled as a direct result of Montefiore's performance of its quality assurance function" (cf. Orner v Mt. Sinai Hosp., 305 AD2d 307 [1st Dept 2003]; Kivlehan, 36 AD3d at 598).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 3, 2020
CLERK