Crysler v Erk (2024 NY Slip Op 02411)

Crysler v Erk

2024 NY Slip Op 02411

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, MONTOUR, OGDEN, AND DELCONTE, JJ.

156 CA 23-00730

[*1]CHRISTOPHER CRYSLER, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF JENNIFER IRIS CRYSLER, DECEASED, PLAINTIFF-RESPONDENT,
v
MEHMET ERK, M.D., ET AL., DEFENDANTS, DONALD D. HICKEY, M.D., KALEIDA HEALTH, AND MILLARD FILLMORE SUBURBAN HOSPITAL, DEFENDANTS-APPELLANTS. (APPEAL NO. 2.) 

ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (JOHN P. DANIEU OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
LIPSITZ, PONTERIO & COMERFORD, LLC, BUFFALO (DENNIS P. HARLOW OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

 Appeal from an order the Supreme Court, Erie County (Henry J. Nowak, J.), entered April 13, 2023. The order granted the motion of defendants-appellants for leave to reargue and, upon reargument, adhered to a prior order granting in part the motion of plaintiff to compel disclosure. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this medical malpractice action, plaintiff seeks damages resulting from the alleged negligence of defendant Mehmet Erk, M.D. in perforating the bowel of plaintiff's decedent during laparoscopic surgery. The surgery was performed at defendant Millard Fillmore Suburban Hospital (hospital), which is within the healthcare network of defendant Kaleida Health. As alleged in the amended complaint, Kaleida Health, inter alia, failed to develop and adhere to reasonable procedures for reviewing a physician's qualifications when it granted Erk privileges to perform surgical procedures at its facilities. Plaintiff and decedent, prior to her death, moved for an order compelling Kaleida Health to, inter alia, produce a representative with knowledge of prior incidents involving injuries to patients as a result of operations performed by Erk, and defendants-appellants (defendants) cross-moved for a protective order. In appeal No. 1, defendants appeal from an order that, inter alia, granted the motion and the cross-motion in part and, as relevant on appeal, directed that Kaleida Health "produce for deposition a representative or representatives with any knowledge of prior incidents or complaints involving injuries to patients as a result of operations performed by . . . Erk before" the date of decedent's operation, provided that the representative did not learn of such incidents and complaints solely within the credentialing or recredentialing process or Kaleida Health's medical malpractice prevention and quality assurance programs. In appeal No. 2, defendants appeal from an order granting their motion for, among other things, leave to reargue their cross-motion and opposition to the motion to compel and, upon reargument, altering certain language, which is not relevant here, in the order in appeal No. 1. Defendants contend in both appeals that Supreme Court abused its discretion by not imposing additional restrictions on the deposition. We reject that contention.
As an initial matter, we note that appeal No. 1 must be dismissed inasmuch as the order in that appeal was, upon reargument, superseded by the order in appeal No. 2 (see Santaro v Finocchio [appeal No. 2], 221 AD3d 1489, 1490 [4th Dept 2023]; Loafin' Tree Rest. v Pardi [*2][appeal No. 1], 162 AD2d 985, 985 [4th Dept 1990]).
With respect to appeal No. 2, it is well settled that "there shall be full disclosure of all matter material and necessary in the prosecution or defense of an action" (CPLR 3101 [a]). Here, plaintiff asserts a cause of action against Kaleida Health for the negligent credentialing of Erk (see Raschel v Rish, 110 AD2d 1067, 1068 [4th Dept 1985], appeal dismissed 65 NY2d 923 [1985]). While Public Health Law § 2805-m and Education Law § 6527 (3) protect from disclosure the proceedings and records relating to Kaleida Health's quality assurance and medical malpractice prevention program, which include its credentialing and recredentialing process, "[t]here are many ways in which [a] hospital might have acquired knowledge of the alleged prior negligence of [a] defendant doctor wholly apart from any review committee meeting [and] [s]uch information is discoverable by [a] plaintiff as is information as to whether, armed with such knowledge, the hospital took any action to limit staff privileges extended to" the defendant doctor (Byork v Carmer, 109 AD2d 1087, 1088 [4th Dept 1985]; cf. Jousma v Kolli, 149 AD3d 1520, 1521 [4th Dept 2017]).
"[T]he court is invested with broad discretion to supervise discovery . . . , and only a clear abuse of discretion will prompt appellate action" (Castro v Admar Supply Co., Inc. [appeal No. 2], 159 AD3d 1616, 1617 [4th Dept 2018]; see generally Hirschfeld v Hirschfeld, 69 NY2d 842, 844 [1987]). Contrary to defendants' contention, we conclude that the court did not abuse its discretion in denying that part of their reargument motion seeking, upon reargument, a protective order imposing additional restrictions upon the deposition of a Kaleida Health representative with respect to prior incidents and complaints involving injuries to patients as a result of operations performed by Erk.
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court