Mirra v Woo (2026 NY Slip Op 50286(U))

[*1]

Mirra v Woo

2026 NY Slip Op 50286(U)

Decided on March 9, 2026

Supreme Court, Nassau County

McGrath, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 9, 2026
Supreme Court, Nassau County

Richard Mirra and NOELLE MIRRA, Plaintiffs,

againstHenry Woo, M.D., NORTHWELL HEALTH PHYSICIAN PARTNERS NEUROSURGERY & SPINE AT GREAT NECK, NORTH SHORE UNIVERSITY HOSPITAL, and NORTHWELL HEALTH, INC., Defendants.

Index No. 614762/2024

Plaintiffs — Richard Mirra and Noelle MirraAnnamarie Bondi-Stoddard, Pegalis Law Group, [email protected]Josh Hugh Kardisch, Pegalis Law Group, [email protected]Robert V. Fallarino, Pegalis Law Group, [email protected]Isabel Cristina Mira, Pegalis Law Group, [email protected]Defendants — Henry Woo, M.D., Northwell Health Physician Partners Neurosurgery & Spine at Great Neck, North Shore University Hospital, and Northwell Health, Inc.Graham Thomas Musynske, Martin Clearwater & Bell LLP, [email protected]Rosaleen T. McCrory, Martin Clearwater & Bell LLP, [email protected]Katherine Herr Solomon, Mauro Lilling Naparty LLP, [email protected]Ashley Marie Bianca Mullings, Martin Clearwater & Bell LLP, [email protected]

Christopher T. McGrath, J.

The following electronically filed documents for Motion Sequence No. 001, listed on NYSCEF as document numbers "46" through "72," and all attachments and exhibits, have been read and considered on this motion, including in camera inspection of the documents at issue in the motion.
Defendants move pursuant to CPLR §3103(a): 1) striking paragraphs 1 and 7 of Plaintiff's Demand for Discovery, Inspection and Production dated September 29, 2025; 2) granting a protective order barring from disclosure those items demanded in paragraphs 1 and 7 of Plaintiff's demand for Discovery, Inspection and Production, dated September 29, 2025; and 3) for such other and further relief in favor of Defendants as this Court deems just and proper to effectuate the relief requested herein. Plaintiffs oppose the motion.
Plaintiffs commenced this action on August 20, 2024 setting forth causes of action for medical malpractice, lack of informed consent, and a derivative claim for loss of services. The action arises out of care and treatment rendered by Defendant Woo to Plaintiff Richard Mirra [*2]from October 2022 through September 2023 in connection with an Arteriovenous Malformation resulting in neurological injuries.
Plaintiffs' discovery demands at issue request the following information:
1.) A complete reproduction of Dr. Woo's application and/or request for privileges from 2018 until he left North Shore University Hospital and related facilities; Such is to include all submissions associated with all such requests for privileges and the granting or denial or notification concerning all such privilege requests.7.) A copy of all documents and communications about Dr. Woo leaving the employment of Northwell/North Shore University Hospital to include resignation, termination, explanation or reasons for same, including all such communications, directives, and submissions whether in paper or digital or electronic format.Parties are entitled to liberal discovery of "all matters material and necessary in the prosecution or defense of an action, regardless of the burden of proof." (CPLR §3101[a]; see Siegel v Snyder, 202 AD3d 125, 130, 161 NYS3d 159 [2d Dept 2021]). The determination of what is "material and necessary" is within the sound discretion of the trial court. (See Andon v 302-304 Mott Assocs., 94 NY2d 740, 746, 731 NE2d 589, 709 NYS2d 873 [2000]; CPLR §3101[a]). On a CPLR §3103 motion for a protective order against discovery, the movant bears the burden to show that a protective order "denying, limiting, conditioning or regulating the use of any disclosure device" is necessary to "prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts." (CPLR §3103[a]).
Plaintiffs' discovery demand seeks Defendant Woo's credentialing file from North Shore University Hospital and Northwell Health (collectively, "NSUH") and specifically, Defendant Woo's application and/or request for privileges at NSUH and all submissions associated with the request for privileges, any denial of privileges and documentation when Defendant Woo left the employment of NSUH. At issue on this motion for a protective order relating to the foregoing demand, are the confidentiality provisions of Public Health Law §2805-m(2) and Education Law §6527(3). NSUH seeking to invoke the quality-assurance privilege pursuant to the foregoing provisions has the burden of establishing a right to the protection of the privilege. (See Siegel v Snyder, 202 AD3d at 137).
"Credentialing files 'fall squarely within the materials that are made confidential by Education Law 6527[3] and article 28 of the Public Health Law.'" (Lamacchia v Schwartz, 94 AD3d 712, 714, 941 NYS2d 245 quoting Logue v Velez, 92 NY2d 13, 18, 699 NE2d 365, 677 NYS2d 6 [1998]). The privilege shields from disclosure "the proceedings [and]the records relating to performance of a medical or a quality assurance review function or participation in a medical . . . malpractice prevention program." (Jousma v Kolli, 149 AD3d 1520, 1521, 54 NYS3d 787 [4th Dept 2017] quoting Logue v Velez, 92 NY2d at 16-17). 
NSUH has shown that the documents sought by the Plaintiff are material contained within Defendant Woo's credentialing file as confirmed through the affirmation of Justina Marrone, Vice President, Deputy Medical Staff Services, whose duties include overseeing various aspects of NSUH's credentialing process. According to Ms. Marrone, NSUH has in place an established procedure to review a physician's credentials, physical capacity, mental capacity, and competence in providing health care services which are reviewed at the applicable time, every two years, which is in compliance with The Joint Commission and New York Public [*3]Health Law along with all statutory and administrative guidelines. The quality of care provided by the physicians is monitored. NSUH is obligated to report any incidents involving a physician to the Department of Health. Ms. Marrone affirms that her review of Defendant Woo's credentialing file was consistent with their credentialing procedures and part of NSUH's quality assurance and medical malpractice prevention programs.
Plaintiff agrees that Public Health Law §2805-m provides for confidentiality to reports prepared as part of a quality assurance program and that Education Law §6527(3) protects the confidentiality of records related to the performance of a quality assurance review. Plaintiff contends that Defendant Woo submitted his credentialing application to NSUH with a dual purpose 1) as part of NSUH's credentialing requirements; and 2) for Defendant Woo's desire to advance his career and gain professional opportunity. Plaintiff argues that this dual-purpose permits disclosure since the credentialing file was not maintained for the sole purpose of the hospital's quality assurance program.
This argument fails to recognize that the assessment of the privilege by the Court is of NSUH's compliance with the mandates of Public Health Law §§ 2805-j and 2805-k and not the motivation of the physician requesting privileges. "The mandated malpractice program must include periodic reviews of physicians' credentials and competence." (Logue v Velez, 92 NY2d at 17; Public Health Law §2805-j[1]). "In addition, prior to granting or renewing professional privileges, a hospital is obligated to request specific, detailed information from physicians, including professional experience, incidents of misconduct, education, and training." (Logue v Velez, 92 NY2d at 17; Public Health Law§2805-k[1]). A physician's career goals and advancement or even his decision to leave his hospital are not a consideration in the assessment of the confidentiality of Defendant Woo's credentialing file. Defendant Woo cannot waive a privilege that it not his to waive, but rather statutorily belongs to the NSUH. The statutory provisions are designed to encourage thorough and candid peer review of physicians and improve the quality of medical care. (See Logue v Velez, 92 NY2d at 17; see also Lilly v Turecki, 112 AD2d 788, 492 NYS2d [4th Dept 1985]). 
NSUH established that Defendant Woo's credentialing file was "generated in connection with a quality assurance review function pursuant to Education Law §6527(3) and a malpractice prevention program required under article 28 of the Public Health Law. This Court has conducted an in-camera review of the material requested in Plaintiff's discovery demand. The material presented to the Court is consistent with the affirmation of Ms. Marrone as to its contents containing documents generated or received examining the credentials and periodic review, including appointment applications, reappointment applications, professional reference questionnaires, competency assessments by peer review participants from facilities where Defendant Woo currently has or had clinical privileges, delineations of privileges, letters of reference, and correspondence related to the physician's privileges at the hospital. "Public Health Law §2805-m confers complete confidentiality on information gathered by a hospital in accordance with Public Health Law §§2805-j and 2805-k, expressly exempting it from disclosure under CPLR article 31." (Logue v Velez, 92 NY2d at 17; Public Health Law §2805-m[2]).
Defendant Woo's NSUH credentialing file is privileged in accordance with Public Health Law §2805(m) and Education Law §6527(3) and therefore shall not be subject to disclosure pursuant to article 31 of the Civil Practice Law and Rules. Plaintiffs are not entitled to disclosure as requested in Plaintiffs' Demand for Discovery, Inspection and Production dated September 29, [*4]2025, paragraphs 1 and 7. Defendants' motion for a protective order barring from disclosure the information requested in paragraphs 1 and 7 is granted.
Accordingly, it is hereby
ORDERED, that Defendants' motion to strike paragraphs 1 and 7 of Plaintiffs' Demand for Discovery, Inspection and Production, dated September 29, 2025 is GRANTED; and it is furtherORDERED, that Defendants' motion for a protective order barring from disclosure those items demanded in paragraphs 1 and 7 of Plaintiffs' Demand for Discovery, Inspection and Production, dated September 29, 2025 is GRANTED.Any relief not specifically addressed is DENIED.This constitutes the Decision and Order of this Court.ENTER:Dated: March 9, 2026Mineola, New YorkHON. CHRISTOPHER T. McGRATH, J.S.C.