■ CAMILLE VANBERGEN, Appellant, v LONG BEACH MEDICAL CENTER et al., Respondents. [717 NYS2d 191] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Alpert, J.), dated January 19, 2000, which, in effect, upon granting her motion for reargument, adhered to a prior determination in an order of the same court dated August 3, 1999, denying her motion to compel the defendant Long Beach Medical Center to produce its employee, Eileen McGuigan, for deposition and to produce all of the records of that employee's investigation of the plaintiff's complaint regarding her treatment at the hospital.

Ordered that the order is modified by deleting the provision thereof adhering to so much of the prior determination as denied that branch of the motion which was for disclosure of statements made by any party to the action and contained in the file of the investigation conducted by the defendant's employee, Eileen McGuigan, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs.

While the record does not support a finding that the defendant Pat Turner was deposed both in her capacity as an individual defendant and as a representative of the defendant Long Beach Medical Center (hereinafter the hospital), the Supreme Court correctly determined that the hospital is entitled in the first instance to designate which of its officers shall be produced for a deposition on its behalf (see, Thomas v Good Samaritan Hosp., 237 AD2d 429; Lotz v Albany Med. Ctr. Hosp., 85 AD2d 836). Thus, the plaintiff is not entitled to designate a specific person to be deposed on behalf of the hospital.

Moreover, Eileen McGuigan is immune from submitting to a deposition since her investigation of the plaintiff's complaint regarding her treatment at the hospital was part of the hospital's quality control review process (see, Education Law § 6527 [3]). Education Law § 6527 (3) is designed to encourage peer review of physicians by guaranteeing confidentiality to those persons performing the review function (see, Swartzenberg v Trivedi, 189 AD2d 151). The statute was not intended,

however, to extend protection to persons whose conduct is subject to review (*see, Logue v Velez,* 92 NY2d 13; Public Health Law § 2805-m). Thus, to the extent that there are statements made by any party to the action which resulted from the quality control review process conducted by Eileen McGuigan, they are not immune from disclosure, and the hospital must disclose any such statements to the plaintiff. Ritter, J. P., Thompson, Friedmann, H. Miller and Feuerstein, JJ., concur.