ALLAN ROBERTSON, as Administrator of the Estate of JULIANA ROBERTSON, Deceased, Appellant, v BROOKDALE HOSPITAL MEDICAL CENTER et al., Defendants, and RUBY WESTON MANOR, Respondent. [59 NYS3d 485]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated March 5, 2015, as denied that branch of his motion which was to compel discovery of four occurrence reports relating to the plaintiff's decedent dated August 19, 2007, September 2, 2007, September 5, 2007, and September 12, 2007, respectively, and granted the cross motion of the defendant Ruby Weston Manor for a protective order preventing disclosure of those occurrence reports.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the plaintiff's motion which was to compel disclosure of the occurrence reports dated August 19, 2007, September 2, 2007, September 5, 2007, and September 12, 2007, respectively, is granted, and the cross motion of the defendant Ruby Weston Manor for a protective order preventing disclosure of those occurrence reports is denied.

This appeal concerns a discovery dispute between the plaintiff and the defendant Ruby Weston Manor (hereinafter the Nursing Home). The plaintiff made a motion, inter alia, to compel the Nursing Home to produce four occurrence reports (hereinafter the reports) its employees created concerning four separate falls that the plaintiff's decedent suffered on August 19, 2007, September 2, 2007, September 5, 2007, and September 12, 2007, respectively, while she was living at the Nursing Home. In response, the Nursing Home cross-moved for a protective order barring disclosure of the reports, arguing that the reports were protected from disclosure pursuant to various statutory privileges accorded to medical quality review documents. The Supreme Court denied that branch of the plaintiff's motion which was to compel discovery of the reports, and granted the Nursing Home's cross motion for a protective order barring disclosure of the reports. The plaintiff appeals.

Public Health Law § 2805-j requires nursing homes, among other health care-related entities, to maintain a program for the identification and prevention of medical malpractice, including the establishment of a quality assurance committee

which, among other things, is required to insure that information gathered pursuant to the program is utilized to review and to revise hospital policies and procedures. A New York State Department of Health regulation also requires nursing homes to establish and maintain a quality assessment and assurance program (see 10 NYCRR 415.27). Public Health Law § 2805-m and Education Law § 6527 (3) both protect from disclosure documents created "by or at the behest of a quality assurance committee for quality assurance purposes" (Matter of Subpoena Duces Tecum to Jane Doe, 99 NY2d 434, 441 [2003]). "It is the burden of the entity seeking to invoke the privilege to establish that the documents sought were prepared in accordance with the relevant statutes" (Marte v Brooklyn Hosp. Ctr., 9 AD3d 41, 46 [2004]; see Kneisel v QPH, Inc., 124 AD3d 729, 730 [2015]). The party asserting the privilege " 'is required, at a minimum, to show that it has a review procedure and that the information for which the exemption is claimed was obtained or maintained in accordance with that review procedure' " (Kivlehan v Waltner, 36 AD3d 597, 599 [2007], quoting Bush v Dolan, 149 AD2d 799, 800-801 [1989]). Records that are duplicated or used by a quality assurance committee are not necessarily privileged (see Marte v Brooklyn Hosp. Ctr., 9 AD3d at 48).

Here, in support of its cross motion for a protective order shielding the reports from disclosure, the Nursing Home submitted, among other things, the affidavit of its administrator, a privilege log, and, in camera, the three reports it was able to locate. Contrary to the determination of the Supreme Court, the Nursing Home's showing was insufficient to demonstrate that the reports were generated by or at the behest of the Nursing Home's Quality Assurance Committee. Accordingly, the court should have granted that branch of the plaintiff's motion which was to compel production of the reports, and should have denied the Nursing Home's cross motion for a protective order shielding the reports from disclosure.

The parties' remaining contentions need not be reached in light of our determination. Balkin, J.P., Sgroi, Cohen and Duffy, JJ., concur.