Hernandez v City of New York (2022 NY Slip Op 04296)

Hernandez v City of New York

2022 NY Slip Op 04296

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2019-12902 
2019-12904
 (Index No. 511113/14)

[*1]Marie Hernandez, et al., respondents, 
v
City of New York, et al., defendants, New York City Health and Hospitals Corporation, appellant.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Melanie T. West and Jesse A. Townsend of counsel), for appellant.
Law Offices of Louis Venezia, P.C., Forest Hills, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for violation of the common-law right of sepulcher, the defendant New York City Health and Hospitals Corporation appeals from (1) an order of the Supreme Court, Kings County (Lizette Colon, J.), dated October 25, 2019, and (2) an order of the same court dated October 31, 2019. The order dated October 25, 2019, granted those branches of the plaintiffs' motion which were to compel a deposition of nonparty Inel Phillip and, in effect, to compel the defendant New York City Health and Hospitals Corporation to produce Ivonne Rankin for a continued deposition, and, in effect, denied that branch of the cross motion of the defendant New York City Health and Hospitals Corporation which was for a protective order precluding a deposition of nonparty Inel Phillip. The order dated October 31, 2019, in effect, granted that branch of the plaintiffs' motion which was to compel the defendant New York City Health and Hospitals Corporation to produce certain documents and denied that branch of the cross motion of the defendant New York City Health and Hospitals Corporation which was for a protective order precluding disclosure of those documents.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order dated October 25, 2019, as granted that branch of the plaintiffs' motion which was, in effect, to compel the defendant New York City Health and Hospitals Corporation to produce Ivonne Rankin for a continued deposition is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the orders are affirmed, with one bill of costs.
On October 14, 2013, Marc Hernandez, Sr. (hereinafter the decedent), died while at Kings County Hospital Center (hereinafter the hospital). On October 16, 2013, the decedent's wife, the plaintiff Marie Hernandez, allegedly filled out a form requesting an autopsy on the decedent's body. At some point, the decedent's body was transferred from the hospital to the Office of the Chief Medical Examiner of the City of New York, and thereafter released to a funeral home, where the body was embalmed. Subsequently, the plaintiff Marc Hernandez, Jr., made a written complaint to the hospital's Department of Patient/Guest Relations (hereinafter Guest Relations), asserting that [*2]the doctors who had treated the decedent failed to explain the circumstances surrounding the decedent's death, and that the hospital failed to perform an autopsy on the decedent's body and improperly allowed a funeral home to take the decedent's body and embalm it.
The plaintiffs then commenced the instant action to recover damages for violation of the common-law right of sepulcher against, among others, the defendant New York City Health and Hospitals Corporation (hereinafter HHC), which owned and operated the hospital. The plaintiffs alleged that the hospital improperly released the decedent's body to the funeral home without a family member's authorization and despite being provided with a request to perform an autopsy on the body. The plaintiffs served a combined discovery demand on HHC, requesting, among other things, disclosure of Guest Relations records pertaining to the plaintiffs and the decedent. In response, HHC provided part of the requested Guest Relations file, but refused to turn over other materials in the file, asserting that provisions of the Education Law and the Public Health Law barred disclosure of these documents. HHC produced a privilege log detailing the nature of the allegedly privileged documents. The plaintiffs also served a notice of deposition on HHC, requesting that HHC produce for deposition, among others, Inel Phillip and Ivonne Rankin, who were employees of HHC at the time of the decedent's death. Subsequently, Rankin appeared for a deposition.
The plaintiffs moved, inter alia, to compel HHC to produce Phillip for a deposition, in effect, to produce Rankin for a continued deposition, and to produce the remaining, undisclosed documents from the Guest Relations file. HHC opposed the motion and cross-moved, inter alia, for a protective order precluding disclosure of these documents from the Guest Relations file and precluding Phillip's deposition. HHC contended that the undisclosed documents in the Guest Relations file constituted quality assurance review materials and were therefore privileged under Public Health Law § 2805-m and Education Law § 6527(3). Moreover, HHC contended that Phillip was no longer employed by HHC and would provide no relevant testimony.
In an order dated September 4, 2019, the Supreme Court, inter alia, directed HHC to provide unredacted copies of the documents listed on the privilege log for in camera review. HHC thereafter produced these documents for in camera review.
In an order dated October 25, 2019, the Supreme Court granted those branches of the plaintiffs' motion which were to compel a deposition of Phillip as a nonparty witness and, in effect, to compel HHC to produce Rankin for a continued deposition, and, in effect, denied that branch of HHC's cross motion which was to preclude Phillip's deposition. HHC appeals.
In an order dated October 31, 2019, after an in camera review of the documents, the Supreme Court, in effect, granted that branch of the plaintiffs' motion which was to compel disclosure of the documents at issue in the Guest Relations file, determining that the documents were not shielded by the Public Health Law or the Education Law, and, in effect, denied that branch of HHC's cross motion which was for a protective order precluding disclosure of those documents. HHC appeals.
New York's liberal discovery policy, generally governed by CPLR 3101(a), broadly mandates "full disclosure of all matter material and necessary in the prosecution or defense of an action" (see Forman v Henkin, 30 NY3d 656, 661; Kavanagh v Ogden Allied Maintenance Corp., 92 NY2d 952, 954; Siegel v Snyder, 202 AD3d 125, 130). However, notwithstanding the broad right to disclosure, discovery is subject to preclusion if the requested information is privileged (see CPLR 3101[b]; Dillenbeck v Hess, 73 NY2d 278).
Public Health Law § 2805-j(1) provides, in pertinent part, that "[e]very hospital shall maintain a coordinated program for the identification and prevention of medical . . . malpractice. Such a program must include at least, among other things, the "establishment of a quality assurance committee with the responsibility to review the services rendered in the hospital in order to improve the quality of medical . . . care of patients and to prevent medical . . . malpractice" (id. § 2805-j[1][a]). Education Law § 6527(3) shields from disclosure under CPLR article 31 "the proceedings [and] the records relating to performance of a medical or a quality assurance review [*3]function or participation in a medical . . . malpractice prevention program," as well as testimony of any person in attendance at such a meeting as to what transpired when a medical or quality assurance review function or medical malpractice prevention program was performed (see Logue v Velez, 92 NY2d 13, 16-17; Siegel v Snyder, 202 AD3d at 136). "The purpose of the discovery exclusion is to enhance the objectivity of the review process and to assure that medical review committees may frankly and objectively analyze the quality of health services rendered by hospitals. By guaranteeing confidentiality to quality review and malpractice prevention procedures, this provision is designed to encourage thorough and candid peer review of physicians, and thereby improve the quality of medical care" (Logue v Velez, 92 NY2d at 17 [citation and internal quotation marks omitted]; see vanBergen v Long Beach Med. Ctr., 277 AD2d 374, 374). Public Health Law § 2805-m(2) affords similar protection from disclosure for "records, documentation or committee actions or records" required, inter alia, pursuant to Public Health Law § 2805-j (see Siegel v Snyder, 202 AD3d at 137).
"It is the burden of the entity seeking to invoke the privilege to establish that the documents sought were prepared in accordance with the relevant statutes" (Marte v Brooklyn Hosp. Ctr., 9 AD3d 41, 46; see Kneisel v QPH, Inc., 124 AD3d 729, 730). The party asserting the privilege "'is required, at a minimum, to show that it has a review procedure and that the information for which the exemption is claimed was obtained or maintained in accordance with that review procedure'" (Kivlehan v Waltner, 36 AD3d 597, 599, quoting Bush v Dolan, 149 AD2d 799, 800-801; see Siegel v Snyder, 202 AD3d at 137; Robertson v Brookdale Hosp. Med. Ctr., 153 AD3d 743, 744). Records that are duplicated or used by a quality assurance committee are not necessarily privileged (see Robertson v Brookdale Hosp. Med. Ctr., 153 AD3d at 744; Marte v Brooklyn Hosp. Ctr., 9 AD3d at 48).
Here, in support of its cross motion, inter alia, for a protective order, HHC submitted, among other things, an affidavit of its Director of Quality Management, a privilege log, and, in camera, the Guest Relations file. The Supreme Court properly concluded that HHC's showing was insufficient to demonstrate that the documents at issue were generated by or at the behest of HHC's quality assurance committee (see Robertson v Brookdale Hosp. Med. Ctr., 153 AD3d at 744; Estate of Savage v Kredentser, 150 AD3d 1452, 1454-1455; Matter of Coniber v United Mem. Med. Ctr., 81 AD3d 1329, 1330; Kivlehan v Waltner, 36 AD3d 597, 599; Heitman v Mango, 237 AD2d 330, 331; Zion v New York Hosp., 184 AD2d 441). Accordingly, the court properly, in effect, granted that branch of the plaintiffs' motion which was to compel HHC to produce the undisclosed documents in the Guest Relations file, and properly, in effect, denied that branch of HHC's cross motion which was for a protective order precluding disclosure of those documents.
The Supreme Court providently exercised its discretion in granting those branches of the plaintiffs' motion which were to compel a deposition of Phillip and, in effect, to compel the continued deposition of Rankin. Contrary to HHC's contention, it failed to demonstrate that Phillip and Rankin would only provide privileged testimony (see Mong v Children's Hosp. of Buffalo, 259 AD2d 1038, 1038-1039). As a result, the court providently exercised its discretion by, in effect, denying that branch of HHC's cross motion which was for a protective order precluding Phillip's deposition.
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court