Gabbe v Eliot at Erie Sta.

2026 NY Slip Op 01943

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Carol Francis Gabbe, etc., respondent,

v

Eliot at Erie Station, et al., defendants, Orange Regional Medical Center, et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2024-00065, (Index No. 10696/18)

Betsy Barros, J.P.

Paul Wooten

Laurence L. Love

Susan Quirk, JJ.

Martin Clearwater & Bell LLP, White Plains, NY (Richard Wolf, Gregory A. Cascino, and Christopher J. Daniel of counsel), for appellants.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for medical malpractice, the defendants Orange Regional Medical Center and Greater Hudson Valley Health System, Inc., appeal from an order of the Supreme Court, Orange County (David J. Squirrell, J.), dated November 15, 2023. The order, insofar as appealed from, denied that branch of those defendants' motion which was pursuant to CPLR 3103(a) for a protective order with respect to an incident report dated April 26, 2016.

ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.

On April 26, 2016, Carol Francis Gabbe was a patient in the emergency department of the defendant Orange Regional Medical Center (hereinafter ORMC) when she allegedly was injured as a result of a fall while being escorted to the bathroom by a member of ORMC's staff. In October 2018, Jacqueline G. Goldman, as guardian of Gabbe, commenced this action against, among others, ORMC and the defendant Greater Hudson Valley Health System, Inc. (hereinafter together the defendants), inter alia, to recover damages for medical malpractice. In a demand for documents and information dated March 14, 2019, Goldman sought, among other things, copies of accident and incident records concerning Gabbe. Gabbe subsequently died, and an amended complaint was filed naming Gabbe, deceased, by and through Goldman, as administrator of Gabbe's estate, as the plaintiff. In June 2023, the defendants moved, inter alia, pursuant to CPLR 3103(a) for a protective order with respect to the requested incident reports, asserting that they were privileged pursuant to Education Law § 6527(3) and Public Health Law § 2805-m. In an order dated November 15, 2023, the Supreme Court, after reviewing the incident reports in camera, among other things, denied that branch of the defendants' motion which was for a protective order with respect to an incident report dated April 26, 2016 (hereinafter the subject incident report), finding that the subject incident report was subject to disclosure as it was not attributed to any person. The defendants appeal.

Pursuant to Public Health Law § 2805-j(1) "[e]very hospital shall maintain a coordinated program for the identification and prevention of medical . . . malpractice." Such a program must include at least, inter alia, the "establishment of a quality assurance committee with the responsibility to review the services rendered in the hospital in order to improve the quality of medical . . . care of patients and to prevent medical . . . malpractice" (id. § 2805-j[1][a]). Education Law § 6527(3) shields from disclosure under CPLR article 31 "the proceedings [and] the records [*2]relating to performance of a medical or a quality assurance review function or participation in a medical . . . malpractice prevention program" (see Logue v Velez, 92 NY2d 13, 16-17; Hernandez v City of New York, 207 AD3d 450, 453; Siegel v Snyder, 202 AD3d 125, 136). "The purpose of the discovery exclusion is to enhance the objectivity of the review process and to assure that medical review committees may frankly and objectively analyze the quality of health services rendered by hospitals. By guaranteeing confidentiality to quality review and malpractice prevention procedures, this provision is designed to encourage thorough and candid peer review of physicians, and thereby improve the quality of medical care" (Logue v Velez, 92 NY2d at 17 [citation and internal quotation marks omitted]; see Hernandez v City of New York, 207 AD3d at 453; vanBergen v Long Beach Med. Ctr., 277 AD2d 374, 374). Public Health Law § 2805-m(2) contains an identical protection for "records, documentation or committee actions or records" required, among other things, pursuant to Public Health Law § 2805-j (see Hernandez v City of New York, 207 AD3d at 453; Siegel v Snyder, 202 AD3d at 137).

"It is the burden of the entity seeking to invoke the privilege to establish that the documents sought were prepared in accordance with the relevant statutes" (Marte v Brooklyn Hosp. Ctr., 9 AD3d 41, 46; see Kneisel v QPH, Inc., 124 AD3d 729, 730). The party asserting the privilege "'is required, at a minimum, to show that it has a review procedure and that the information for which the exemption is claimed was obtained or maintained in accordance with that review procedure'" (Kivlehan v Waltner, 36 AD3d 597, 599, quoting Bush v Dolan, 149 AD2d 799, 800-801; see Siegel v Snyder, 202 AD3d at 137). Here, the defendants demonstrated through an affidavit of ORMC's vice president of quality that the subject incident report was created as part of a required quality-assurance review program (see Siegel v Snyder, 202 AD3d at 138; Robertson v Brookdale Hosp. Med. Ctr., 153 AD3d 743, 744).

"However, both Education Law § 6527(3) and Public Health Law § 2805-m(2) contain identical exceptions for the discovery of 'statements made by any person in attendance at such a [quality control or medical malpractice] meeting who is a party to an action or proceeding the subject matter of which was reviewed at such meeting'" (Lamacchia v Schwartz, 94 AD3d 712, 714 [internal quotation marks omitted], quoting Logue v Velez, 92 NY2d at 18), as "[t]hose persons whose conduct is subject to review [are] not intended to benefit from the protections afforded by the statutes" (Siegel v Snyder, 202 AD3d at 137; see vanBergen v Long Beach Med. Ctr., 277 AD2d at 374-375). In general, it is the defendants' burden to demonstrate that any statements were not made by a party, and by failing to identify the speaker, the defendant fails to demonstrate that the statements sought to be withheld are not party statements (see Siegel v Snyder, 202 AD3d at 138). Here, the defendants did not meet their burden of demonstrating that the statements contained therein were not made by a party.

Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for a protective order with respect to the subject incident report.

BARROS, J.P., WOOTEN, LOVE and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court